■ In the Matter of ARTHUR RASMUSSEN, Respondent, v NASSAU COUNTY MEDICAL CENTER, Appellant.—In a proceeding pursuant to General Municipal Law § 50-e (5) seeking leave to serve a late notice of claim with respect to damages for conscious pain and suffering, the appeal is from an order of the Supreme Court, Nassau County (Roncallo, J.), dated June 5, 1990, which granted the application.

Ordered that the order is reversed, on the law, with costs, and the application is denied.

Gerard Rasmussen died on October 12, 1988, while a patient at the Nassau County Medical Center. On January 12, 1990, the plaintiff was appointed administrator of Gerard Rasmussen's estate. Thereafter, in early April 1990 the plaintiff served a notice of claim alleging wrongful death by reason of medical malpractice, and, simultaneously, moved for leave to serve a late notice of claim for the decedent's conscious pain and suffering. The wrongful death notice of claim was timely because it was served within 90 days of the plaintiff's receipt of letters of administration *(see,* General Municipal Law § 50-e [1] [a]; *Chattergoon v New York City Hous. Auth.,* 161 AD2d 141, *affd* 78 NY2d 958). However, the application for leave to serve a late notice of claim with respect to pain and suffering was not, as it was made more than one year and 90 days after Gerard Rasmussen's death, that is, after expiration of the Statute of Limitations. Therefore, the court lacked the power to permit late service *(Pierson v City of New York,* 56 NY2d 950; *Bourguignon v City of New York,* 157 AD2d 644). Thompson, J. P., Sullivan, Harwood and Balletta, JJ., concur.