■ JESUS G. MACIAS, Respondent, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant. [607 NYS2d 716] —In an action to recover damages for medical malpractice, the defendant New York City Health and Hospitals Corporation appeals from an order of the Supreme Court, Queens County (Rutledge, J.), dated November 19, 1991, as amended by an order of the same court, dated August 14, 1992, which denied its motion to dismiss the complaint insofar as asserted against it, and granted the plaintiff's cross motion to deem his late notice of claim timely served nunc pro tunc.

Ordered that the order as amended is modified, on the law, (1) by deleting the provision thereof granting the plaintiff's cross motion and substituting therefor a provision denying the cross motion, and (2) by deleting the provision thereof denying that branch of the appellant's motion which was to dismiss the plaintiff's first cause of action for conscious pain and suffering and substituting therefor a provision granting that branch of the motion; as so modified, the order as amended is affirmed, with costs payable to the appellant.

The court was without the discretion to grant the plaintiff's cross motion, as it was not made within one year and 90 days after the claim for conscious pain and suffering accrued *(see,* General Municipal Law § 50-e; *Pierson v City of New York,* 56 NY2d 950; *Matter of Rasmussen v Nassau County Med. Ctr.,* 181 AD2d 679). Contrary to the plaintiff's contention, equitable estoppel does not lie. The defendant-appellant was not under a duty to raise the failure to give a timely notice of claim as an affirmative defense *(see, Ceely v New York City Health & Hosps. Corp.,* 162 AD2d 492; *see generally, Matter of Parkview Assocs. v City of New York,* 71 NY2d 274, *cert denied* 488 US 801). Accordingly, we deny the plaintiff's cross motion to deem his late notice of claim timely served, and we grant that branch of the defendant-appellant's motion which was to dismiss the untimely cause of action to recover damages for

conscious pain and suffering. Sullivan, J. P., Rosenblatt, Copertino and Hart, JJ., concur.