[677 NYS2d 314]

Paula Mercado, Individually and as Administratrix of the Estate of Pedro Mercado, Deceased, Appellant, v New York City Health and Hospitals Corporation, Respondent.

First Department, September 3, 1998

**APPEARANCES OF COUNSEL**

*Henry R. Simon,* White Plains, for appellant.

*Susan Choi-Hausman* of counsel (*Elizabeth S. Natrella* on the brief; *Michael D. Hess, Corporation Counsel* of New York City, attorney), for respondent.

**OPINION OF THE COURT**

S AXE, J.

The issue we are asked to consider is the circumstances under which the saving provision contained in General Municipal Law § 50-e may be applied.

A notice of claim, correctly naming New York City Health and Hospitals Corporation (HHC) as defendant, was incorrectly served by plaintiff upon the Comptroller of the City of New York on March 12, 1991 (within the 90-day period for service of a notice of tort claim upon a public corporation required by General Municipal Law § 50-e), rather than, as required, on an authorized representative of HHC. Nevertheless, on or about April 4, 1991, the New York City Comptroller served upon the plaintiff a demand for examination, pursuant to General Municipal Law § 50-h, and the examination was conducted as scheduled on June 19, 1991, at the offices of the Corporation Counsel. At the beginning of the examination, attorney William McDavitt stated on the record that he represented the City of New York.

The IAS Court, relying on this Court's decision in *Kroin v City of New York* (210 AD2d 95), granted defendant's motion to dismiss the action on the ground of plaintiff's failure to serve a notice of claim on HHC. We conclude that the circumstances presented must be distinguished from those in *Kroin*, and that instead, the "saving provision" contained in General Municipal Law § 50-e (3) (c) applies here to validate plaintiff's service of the notice of claim.

The saving provision of General Municipal Law § 50-e reads, in part: "If the notice [of claim] is served within the period specified by this section, but in a *manner* not in compliance with the provisions of this subdivision, the service shall be valid *if the public corporation against which the claim is made demands that the claimant * * * be examined in regard to it*". (General Municipal Law § 50-e [3] [c] [emphasis added]). While some cases appear to state, without qualification, that a municipal corporation may not waive irregularities in time *or manner* of service of the notice of claim (*see, e.g., Adams v New York City Tr. Auth.*, 140 AD2d 572), under section 50-e (3) (c), an irregularity in the *manner* of service of the notice *may* be avoided, *if* the municipal corporation against which the claim is made demands an examination of the claimant.

In two recent decisions, *Kroin v City of New York* (210 AD2d 95, *supra*) and *Badgett v New York City Health & Hosps. Corp.* (227 AD2d 127), this Court stated that service by plaintiffs of a notice of claim upon the Comptroller of the City of New York, rather than upon HHC, failed to satisfy the notice of claim requirements for service upon HHC. However, in neither case could the saving provision of General Municipal Law § 50-e (3) (c) have been applied, because in each case it was unclear whether HHC had demanded the section 50-h hearings.

In *Kroin*, the notice of claim, served upon the Comptroller, named only the City of New York, while the ensuing summons and complaint was directed at both the City and HHC. Therefore, although the statutory hearing was conducted by a lawyer appearing on behalf of HHC, it could not be definitively said that the demand for the hearing had necessarily been made by HHC. Similarly, in *Badgett*, the notice of claim named only the City of New York, and therefore the entity demanding the hearing could not have been HHC. Thus, in those cases, General Municipal Law § 50-e (3) (c) was inapplicable.

Turning to the question of whether, in this instance, HHC was the entity demanding the section 50-h hearing, it is critical to recognize that plaintiff's notice of claim named *only* HHC as defendant. The notice of claim was in the possession of the Corporation Counsel, which represents HHC as well as the City of New York, and the demand for a section 50-h hearing was made by the Comptroller's office, which office would normally be the one to demand a section 50-h hearing on behalf of HHC.

Because only HHC was named on the notice of claim, there was no other party entitled to demand a hearing, other than

HHC. There was no possibility of confusion about the entity on whose behalf the Comptroller's office was acting when the section 50-h hearing was demanded, or as to the entity being represented by the Assistant Corporation Counsel at the section 50-h hearing. Indeed, the Assistant Corporation Counsel, regardless of his statement that he was representing the City, lacked any authority to act on behalf of the City in conducting the section 50-h hearing, since there was nothing to indicate that the City of New York was a party to the matter.

These circumstances stand in stark contrast to those presented in *Kroin v City of New York* (210 AD2d 95, *supra*) and *Badgett v New York City Health & Hosps. Corp.* (227 AD2d 127, *supra*). Thus, while in *Kroin* and *Badgett*, General Municipal Law § 50-e (3) (c) was inapplicable, the saving provision applies in this case and service of plaintiff's notice of claim must be deemed valid.

The dissent protests that the saving provision of General Municipal Law § 50-e (3) (c) may not be applied in circumstances when the wrong entity was served with the notice of claim, implying that such service constitutes a nonexcusable "jurisdictional" defect, rather than a mere "irregularity" in manner of service.

However, the language and strict standards of jurisdiction are inapplicable to the procedural requirements concerning service of notices of claim. Service of a notice of claim does not seek or result in a court's assertion of personal jurisdiction over the entity being served with the notice of claim. A notice of claim is simply a statutory construct that creates a condition precedent to the right to bring a lawsuit (*see,* McKinney's Uncons Laws of NY § 7401 [2] [New York City Health and Hospitals Corporation Act § 20 (2); L 1969, ch 1016, § 1, as amended]). The purpose of the General Municipal Law's notice of claim provisions is "to enable municipalities to pass upon the merits of a claim before the initiation of litigation and thereby forestall unnecessary lawsuits" (*Alford v City of New York*, 115 AD2d 420, 421, *affd* 67 NY2d 1019).

Where notice-of-claim legislation contains no saving provision, it is appropriate to require service of the notice in the precise manner that the statute dictates. However, where the Legislature has seen fit to insert a saving provision, it has in effect pronounced that service of a notice of claim strictly in accordance with the statute's dictates is not necessary in all circumstances.

Indeed, examination of the full saving provision contained in General Municipal Law § 50-e reflects that the municipal

entity's actual knowledge of the claim and ability to investigate it is the Legislature's paramount concern. The provision reads: "If the notice is served within the period specified by this section, but in a manner not in compliance with the provisions of this subdivision, the service shall be valid if the public corporation against which the claim is made demands that the claimant or any other person interested in the claim be examined in regard to it, or if the notice is actually received by a proper person within the time specified by this section, and the public corporation fail to return the notice, specifying the defect in the manner of service, within thirty days after the notice is received" (General Municipal Law § 50-e [3] [c]). By looking to whether the public corporation actually demanded an examination of the claimant, or whether the proper person received actual notice of the claim, the provision focuses the inquiry on whether the municipal corporation has received sufficient notice of the claim so that it can successfully investigate it in a prompt manner.

Significantly, the phrase employed by the Legislature to define the type of improper service to which the saving provision applies, is "[service made] in a manner not in compliance with the provisions of this subdivision." (*Ibid.*) The saving provision nowhere uses the word "irregularities." While cases regarding improperly served notices of claim, such as *Kroin (supra)* and *Badgett (supra)*, have adopted the use of the term "irregularities" when referring to service not in accordance with the statute, the saving provision of the statute clearly carves out a broader and more flexible exception than the term "irregularities" would imply. There is therefore no reason to limit the application of these words to "mere irregularities in service," such as the wrong type of mailing method.

Since the public corporation has been able to demand—and conduct—an examination of the claimant, it has received sufficient notice of the claim. We therefore conclude that the saving provision is applicable here.

Accordingly, the order of the Supreme Court, Bronx County (Douglas McKeon, J.), entered August 28, 1996, which granted defendant New York City Health and Hospitals Corporation's motion to dismiss the complaint for failure to serve a notice of claim upon it, should be reversed, on the law, without costs, the motion denied and the complaint reinstated.

Tom, J. (dissenting). I respectfully dissent and vote to affirm. The majority, connoting the Corporation Counsel's appearance

at the hearing conducted pursuant to General Municipal Law § 50-h to be representation of defendant Health and Hospitals Corporation (HHC) as the only named defendant, despite that attorney's appearance on behalf of New York City, relies on the savings clause of General Municipal Law § 50-e (3) (c) to overcome the plaintiff's failure to serve HHC with a notice of claim.

Section 50-e (3) (c) states that if "notice is served within the period specified by this section, but in a manner not in compliance with the provisions of this subdivision, the service **shall be valid** if the public corporation **against which the claim is made**" (emphasis added) demands that the interested party, in this case the decedent's administratrix, be examined in regard to the claim.

The savings clause of section 50-e (3) (c) allows for waiver of nonjurisdictional defects in notice or service when the public corporation has received otherwise valid service. The provisions of subdivision (3) addressing mode of service require personal service on the public corporation, or service by registered or certified mail to the designated person; if mailed, the envelope must be postpaid and properly addressed (§ 50-e [3] [a], [b]). We have excused irregularities in this regard, for instance, when a plaintiff served the New York City Housing Authority's "Green Book" address, which was its main office, rather than its law department around the corner from the main office, when record evidence indicated that the notice was acknowledged and that the process server routinely was redirected from the main office to the law department for service (*Calix v New York City Hous. Auth.*, 234 AD2d 232). Elsewhere, service by ordinary mail rather than in person or by registered mail was an excusable nonjurisdictional defect (*Matter of Callahan v City of New York*, 75 NY2d 899). In order for this savings clause to apply, though, service must have been made on the proper party; service cannot be "valid" if it was never made. It is uncontroverted that, in the present case, there was no service made upon the public corporation against which the claim is made.

The majority relies on the Comptroller's demand for the hearing to vitiate the jurisdictional bar so that the plaintiff can rely on the savings clause of section 50-e (3) (c). There are two aspects to that argument: that the hearing was really demanded on behalf of HHC, and that the demand, by itself, constitutes a waiver under section 50-e (3) (c) of the right to require strict compliance with section 50-e. The logic of the

majority's argument is that the failure to serve HHC, in view of timely service on the nonparty City, may be deemed an excusable mere irregularity rather than a jurisdictional defect. However, serving the proper party with a notice of claim is a condition precedent to maintaining the action against a municipal corporation (*Stallworth v New York City Health & Hosps. Corp.*, 243 AD2d 704, *lv denied* 91 NY2d 807; *Rodriguez v City of New York*, 169 AD2d 532; *Adams v New York City Tr. Auth.*, 140 AD2d 572) and failure to serve a necessary party is not a mere irregularity for which the savings clause would be available (*Kroin v City of New York*, 210 AD2d 95; *Badgett v New York City Health & Hosps. Corp.*, 227 AD2d 127). Nor did the Corporation Counsel's participation in the hearing waive the defect on behalf of HHC. It has consistently been held that participation in a section 50-h hearing does not cure lack of service (*Stallworth v New York City Health & Hosps. Corp.*, *supra*; *Kroin v City of New York*, *supra*; *Rodriguez v City of New York*, *supra*) and does not impute knowledge to the proper party (*Pavone v City of New York*, 170 AD2d 493). In *Stallworth* (*supra,* at 705), the Court succinctly held "[t]he lack of service here was not cured by the participation of NYCHHC in the General Municipal Law § 50-h hearing or by the provisions of General Municipal Law § 50-e (3) (c)."

While the Corporation Counsel is the attorney for HHC and the City, counsel herein made it clear at the section 50-h hearing that he was representing the City, who was the only party served with the notice of claim in this action. Therefore, HHC was not the party who demanded plaintiff to be examined and the savings clause of General Municipal Law § 50-e (3) (c) was not triggered.

The majority seeks to distinguish *Kroin (supra)* by suggesting that it was less than clear in that case on whose behalf the Corporation Counsel appeared, since the City as well as HHC were named defendants, and *Badgett (supra)*, in which only the City was named in the notice of claim, whereas in the present case, HHC was the only named defendant. However explainable the Corporation Counsel's statement of appearance might be in this case, though, the fact remains that HHC was not served, the Corporation Counsel's dual representation does not impute knowledge from one party to another, and a party's appearance in the section 50-h hearing does not cure that defect.

Since it is uncontroverted that service was made on the New York City Comptroller, an incorrect party for service on the

Health and Hospitals Corporation (*Kroin v City of New York, supra*; *Stallworth v New York City Health & Hosps. Corp., supra*; *Badgett v New York City Health & Hosps. Corp., supra*), that the record does not evince any timely actual knowledge of the claim by HHC (*Pavone v City of New York, supra*), that no timely motion was made for leave to file a late notice of claim on HHC (§ 50-e [5]; *cf., Pagan v New York City Hous. Auth.*, 175 AD2d 114; *Simmons v New York City Hous. Auth.*, 161 AD2d 377), and the defendant was under no obligation to advise plaintiff of the erroneous filing (*Kroin v City of New York, supra*; *Cappadonna v New York City Tr. Auth.*, 187 AD2d 691; *Taverna v City of New York*, 166 AD2d 314), under standard canons of the equitable principle of estoppel (*Rodriguez v City of New York, supra*), there is no basis to estop HHC from relying on the defense of lack of notice.

Accordingly, I conclude that the motion court was correct.

ELLERIN, J. P., WALLACH and MAZARELLI, JJ., concur with SAXE, J.; TOM, J., dissents in a separate opinion.

Order, Supreme Court, Bronx County, entered August 28, 1996, reversed, on the law, without costs, the defendant's motion to dismiss the complaint for failure to serve a notice of claim upon it denied, and the complaint reinstated.