*174 OPINION OF THE COURT
Smith, J.
The question before us is whether a plaintiff may provide notice of intention to commence a personal injury action against the New York City Health and Hospitals Corporation (HHC) by serving a notice of claim upon New York City’s Corporation Counsel rather than upon an officer or director of HHC. We conclude that service of a notice of claim on HHC may be effected by service on the Corporation Counsel.
The relevant facts are not in dispute. Plaintiff sought damages for the alleged dental malpractice of HHC and an HHC doctor following treatment in 1993 and 1994 at the Segundo Ruiz Belvis Neighborhood Family Care Clinic (the Belvis Clinic). In October 1994, plaintiffs notice of claim, directed to the City of New York, HHC, the Belvis Clinic, Dr. Elizabeth McGee, Dr. John Parr and Dr. Doe, was served on the New York City Law Department and the New York City Comptroller. The Comptroller thereafter noticed plaintiff to appear for a General Municipal Law § 50-h hearing. At no time did plaintiff serve a notice of claim on an HHC officer or director.
In July 1997, after service of a summons and complaint, defendants moved to dismiss the action for plaintiffs failure to serve a notice of claim on an officer or director of HHC in accordance with McKinney’s Unconsolidated Laws of NY § 7401 (2) (New York City Health and Hospitals Corporation Act § 20; L 1969, ch 1016, as amended). Plaintiff opposed the motion, contending that General Municipal Law § 50-e (3) permitted service of her notice of claim on the Corporation Counsel because the Corporation Counsel is regularly engaged in representing HHC within the meaning of.the statute.
Supreme Court denied the motion, concluding that, while McKinney’s Unconsolidated Laws of NY § 7401 (2) requires that a notice of claim be served on an HHC director or officer, General Municipal Law § 50-e (3) (a) provides the manner by which service upon the officer or director is to be effected. The court rejected the argument that the two statutory provisions are in conflict, noting that the express incorporation of the provisions of General Municipal Law § 50-e into section 7401 (2) authorizes an “alternative class of persons,” here, the Corporation Counsel, to receive service for HHC. The Appellate Division affirmed, concluding that “to the extent the special and local McKinney’s Unconsolidated Laws of NY § 7401 (2) requires *175 that service be .made only on an officer or director of HHC, it must give way to the general, uniform and later General Municipal Law § 50-e (3) (a)” (277 AD2d 33, 34). The Appellate Division certified to this Court the question whether it correctly affirmed Supreme Court. We conclude that it did.
On this appeal, defendants argue that the Legislature’s very specific enactment of the New York City Health and Hospitals Corporation Act in 1969 (“the HHC Act”), with the Act’s separate and special processes for serving HHC with notices of claim, indicates its intent to have section 7401 (2) control the question of how service should be effected on HHC. Plaintiff counters that the 1990 amendments to the General Municipal Law evidence an intent to create uniform notice of claim provisions as to public corporations and public authorities. Plaintiff further argues that under the plain language of section 7401 (2), a notice of claim filed against HHC is subject to all the provisions of General Municipal Law § 50-e. Finally, plaintiff urges that the override provision of the HHC Act (McKinney’s Uncons Laws of NY § 7405 [HHC Act § 24]) applies only to inconsistent laws existing at the time the HHC Act was adopted.
We conclude that the notice of claim service provisions of General Municipal Law § 50-e (3) (a) are incorporated into the HHC Act, and therefore service on the Corporation Counsel constitutes proper service of the notice of claim.
General Municipal Law § 50-e (3) (a) provides that for service upon a public corporation:
“The notice shall be served on the public corporation against which the claim is made by delivering a copy thereof personally, or by registered or certified mail, to the person designated by law as one to whom a summons in an action in the supreme court issued against such corporation may be delivered, or to an attorney regularly engaged in representing such public corporation.”
The party designated by the HHC Act to receive service for HHC is a director or officer of the public corporation (McKinney’s Uncons Laws of NY § 7401 [2]). That statute provides in pertinent part:
“an action against the corporation * * * shall not be commenced more than one year and ninety days after the cause of action * * * shall have accrued, nor unless a notice of intention to commence such *176 action * * * shall have been filed, with a director or officer of the corporation within ninety days after such cause of action shall have accrued. All the provisions of section fifty-e of the general municipal law shall apply to such notice” (McKinney’s Uncons Laws of NY § 7401 [2]).
Section 50-e was enacted in 1945 to establish a uniform system for instituting tort claims against public corporations that would replace the numerous provisions that had developed under local laws (see, Adkins v City of New York, 43 NY2d 346, 350). Although these procedures were not initially included in the HHC Act, the Act was amended in 1973 to provide that “[a] 11 the provisions of section fifty-e of the general municipal law shall apply to such notice [of claim]” under the HHC Act (McKinney’s Uncons Laws of NY § 7401 [2], as amended by L 1973, ch 877, § 1). In 1976, section 50-e was amended to allow service on an attorney regularly engaged in representing the public authority against which a claim is being made, in addition to the person designated by law to receive service. The summary section to the Bill Jacket describing the 1976 amendment notes: “Service could also be made upon an attorney regularly engaged in representing such public corporations” (1976 New York Assembly Bill A 10346, Bill Jacket, L 1976, ch 745).
As the Governor’s Memorandum indicates, the bill would “permit service of the notice of claim upon a public corporation by delivery of the notice to an attorney regularly engaged in representing such public corporation” (Governor’s Mem, Bill Jacket, L 1976, ch 745). A letter from New York City Mayor Abraham D. Beame protested that under the proposed amendment, service of a notice of claim on the Corporation Counsel, as the attorney regularly engaged in representing HHC, the Board of Education and Off-Track Betting, “would place an unreasonable burden upon the Office of Corporation Counsel * * * would delay investigation and require a re-routing of the notice of claim by the Office of the Corporation Counsel” (Bill Jacket, L 1976, ch 745).
Thus, the legislative history of section 50-e confirms that the amendment was understood to provide an alternative party through whom service upon HHC could be effected. That the Corporation Counsel is an alternative party upon whom service may be made is clear from General Municipal Law § 50-e (3) (a), which sets forth two methods of service of a notice of claim, by personal service and by mail, and two classes of *177 persons upon whom service may be made, a person designated by law and an attorney regularly engaged in representing the public corporation.
Insofar as service upon the Corporation Counsel is an alternative means of effecting service on HHC, section 50-e (3) (a) is not inconsistent with section 7401 (2), and therefore the override provision of section 7405 does not apply (see, Harlem Hosp. Ctr. Med. Bd. v Hoffman, 84 AD2d 272, 280-281, appeal dismissed 56 NY2d 807 [concluding that the powers granted to HHC to appoint its employees complement the Public Health Law, but these specific powers do not supplant the over-all and comprehensive regulatory framework established by the State as to the administration of hospitals]).*
Accordingly, the order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.
Chief Judge Kaye and Judges Levine, Ciparick, Wesley and Graffeo concur; Judge Rosenblatt taking no part.
Order affirmed, etc.

 To the extent that Robles v City of New York (251 AD2d 485, lv granted 93 NY2d 802, appeal withdrawn 94 NY2d 783) and Altabe v City of New York (264 AD2d 373) hold that service on HHC may be effected only through service on an officer or director, they are not to be followed.