■ ROBERT JONES, SR., et al., Appellants, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent. [751 NYS2d 522] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Levine, J.), dated October 19, 2001, as denied those branches of their motion which were to deem a letter dated February 14, 1991, to constitute a valid notice of claim, or in the alternative, for leave to serve a late notice of claim on the defendant New York City Health and Hospitals Corporation, and granted that branch of the defendants' cross motion which was to dismiss the complaint insofar as asserted against the defendant New York City Health and Hospitals Corporation.

Ordered that the order is affirmed insofar as appealed from, with costs.

Service of a notice of claim against the New York City Health and Hospitals Corporation (hereinafter HHC) is a condition precedent to the commencement of a tort action against it and its member hospitals (*see* General Municipal Law § 50-e; McKinney's Unconsolidated Laws of NY § 7401; *Davidson v Bronx Mun. Hosp.,* 64 NY2d 59, 61; *Hazell v New York City Health & Hosps. Corp.,* 290 AD2d 533). Contrary to the plaintiffs' contention, the letter dated February 14, 1991, which was allegedly sent to the HHC by ordinary mail, cannot be deemed to constitute a valid notice of claim. The letter was not verified, and did not set forth the nature of the medical malpractice claim with the specificity required by General Municipal Law § 50-e (2) (*see Ribeiro v Town of N. Hempstead,* 200 AD2d 730; *Matter of Wertenberger v Village of Briarcliff Manor,* 175 AD2d 922; *cf. Smith v Scott,* 294 AD2d 11). In addition,

the letter was not served personally, or by registered or certified mail as required by General Municipal Law § 50-e (3), and the HHC denied receipt of the letter.

Furthermore, while the plaintiffs alternatively requested leave to serve a late notice of claim upon the HHC, this application was made after the expiration of the two-year statute of limitations for commencement of a wrongful death action against the HHC (*see* McKinney's Unconsolidated Laws of NY § 7401 [2]; Public Authorities Law § 2981). Thus, the court did not have discretion to grant it (*see Pierson v City of New York,* 56 NY2d 950, 954-955; *Bonanno v City of Rye,* 280 AD2d 630; *Macias v City of New York,* 201 AD2d 541; *Ceely v New York City Health & Hosps. Corp.,* 162 AD2d 492).

The plaintiffs' remaining contentions are without merit. Krausman, J.P., Goldstein, Townes and Rivera, JJ., concur.