[830 NE2d 292, 797 NYS2d 394]

JANET OLIVIA SCANTLEBURY, Appellant, v NEW YORK CITY
HEALTH AND HOSPITALS CORPORATION, Respondent.

Argued March 31, 2005; decided May 5, 2005

## POINTS OF COUNSEL

*Law Offices of Joseph M. Lichtenstein, P.C.,* Mineola (*Joseph Lichtenstein* and *Elliot Lewis* of counsel), for appellant. I. The "savings provision" of General Municipal Law § 50-e (3) (c) applies to the instant case such that service of plaintiff-appellant's notice of claim upon the New York City Comptroller was proper service as against New York City Health and Hospitals Corporation. (*Mercado v New York City Health & Hosps. Corp.,* 247 AD2d 55; *Hazell v New York City Health & Hosps. Corp.,* 290 AD2d 533; *Stallworth v New York City Health & Hosps. Corp.,* 243 AD2d 704.)

*Michael A. Cardozo, Corporation Counsel,* New York City (*Larry A. Sonnenshein* and *Leonard Koerner* of counsel), for respondent. The Appellate Division properly affirmed the dismissal of the complaint against New York City Health and Hospitals Corporation (NYCHHC) based on plaintiff's failure to serve the notice of claim on NYCHHC which is a statutory condition precedent to the commencement of litigation. (*Jones v City of New York,* 300 AD2d 359; *Davidson v Bronx Mun. Hosp.,* 64 NY2d 59; *Hall v New York City Health & Hosps. Corp.,* 304 AD2d 617; *Hazell v New York City Health & Hosps. Corp.,* 290 AD2d 533; *Viruet v City of New York,* 97 NY2d 171; *Stallworth v New York City Health & Hosps. Corp.,* 243 AD2d 704; *Badgett v New York City Health & Hosps. Corp.,* 227 AD2d 127; *Kroin v City of New York,* 210 AD2d 95; *Ceely v New York City Health & Hosps. Corp.,* 162 AD2d 492; *Binyard v City of New York,* 151 AD2d 712.)

## OPINION OF THE COURT

READ, J.

The issue on this appeal is whether General Municipal Law § 50-e (3) (c) excuses plaintiff's failure to serve the New York City Health and Hospitals Corporation (HHC) with a timely notice of intention to commence an action, a statutory condition precedent to suit, because she served a timely notice on the

Comptroller of the City of New York and he held a General Municipal Law § 50-h hearing to examine her claim. We hold that section 50-e (3) (c), which saves claims from dismissal on account of defects in the manner of service, does not excuse a plaintiff's failure to serve a timely notice of claim on the correct public entity, which is what happened here when plaintiff served her notice on the Comptroller rather than HHC.

I.

Plaintiff Janet Olivia Scantlebury was treated for an elbow injury at HHC's Kings County Hospital from July 31, 1999 until November 18, 1999. On November 3, 1999, the Comptroller received a notice of claim from plaintiff alleging medical malpractice against HHC. By letter dated November 23, 1999, the Comptroller served plaintiff with notice of a General Municipal Law § 50-h hearing, directing her to appear at the Office of the Corporation Counsel for this purpose. The section 50-h hearing took place on July 19, 2000.

On August 8, 2000, plaintiff filed a summons and complaint against HHC for medical malpractice and failure to obtain informed consent; on August 15, 2000, she served HHC with the complaint. Plaintiff alleged that a notice of claim had been served upon HHC within 90 days after her claim arose; that at least 30 days had elapsed since this service and that adjustment or payment had been neglected or refused; that she had complied with HHC's demand for a section 50-h hearing; and that she was commencing her action within one year and 90 days after the happening of the event upon which her claim was based. In its answer, dated September 5, 2000, HHC denied each of these specific allegations, "except admitt[ed] that on or about November 3, 1999 a purported notice of claim was presented to the Comptroller of the City of New York, and that more than thirty days [had] elapsed since such presentation and that no adjustment thereof [had] been made; and that a hearing was held on July 19, 2000 pursuant to § 50-h of the General Municipal Law."

Plaintiff filed a note of issue on February 7, 2003. On February 25, 2003, HHC moved for summary judgment to dismiss the complaint on the ground that plaintiff had failed to serve a timely notice of claim on HHC. HHC further noted that plaintiff's time to apply to Supreme Court for leave to serve a late notice of claim had expired on February 16, 2001, one year and 90 days after November 18, 1999, her last date of treat-

ment. Supreme Court granted HHC's motion for summary judgment and dismissed the complaint. The Appellate Division affirmed, as do we.

## II.

Three statutory provisions bear on the outcome of this appeal. They are section 7401 (2) of McKinney's Unconsolidated Laws of New York (New York City Health and Hospitals Corporation Act [L 1969, ch 1016, § 1, as amended] § 20 [2]), which sets out notice of intention requirements and time limitations applicable to actions against HHC; section 50-e (3) (a) of the General Municipal Law, which specifies the manner of service requirements for a notice of claim; and section 50-e (3) (c), which excuses defects in a notice of claim's manner of service under specified circumstances.

Section 7401 (2) provides that an action against HHC for personal injuries

> "shall not be commenced more than one year and ninety days after the cause of action thereof shall have accrued, *nor unless a notice of intention to commence such action* and of the time when and the place where the tort occurred and the injuries or damage, were sustained, together with a verified statement showing in detail . . . the personal injuries alleged to have been sustained and by whom, *shall have been filed with a director or officer of [HHC] within ninety days after such cause of action shall have accrued*" (emphasis added).

The parties do not dispute that the "notice of intention to commence [an] action" required by section 7401 (2) is a condition precedent to a suit against HHC, the functional equivalent of a notice of claim (*cf.* Court of Claims Act § 10 [service on Attorney General of a "notice of intention to file a claim" extends claimant's time to file and serve a claim]). In fact, we have treated section 7401 (2) as a notice of claim provision, and have used the terms "notice of intention" and "notice of claim" interchangeably when discussing section 7401 (2) (*see e.g. Viruet v City of New York*, 97 NY2d 171 [2001]).

Section 7401 (2) also states that "[a]ll the provisions of section fifty-e of the general municipal law shall apply to such notice [of intention]." Further, HHC "may require any claimant hereunder to be examined as provided in section fifty-h of the

general municipal law, and all the provisions of such section shall apply to such examinations."

Under General Municipal Law § 50-e (3) (a), proper service of a notice of claim against a public corporation such as HHC requires delivery of

> "a copy thereof personally, or by registered or certified mail, to the person designated by law as one to whom a summons in an action in the supreme court issued against such corporation may be delivered, or to an attorney regularly engaged in representing such public corporation."[1]

General Municipal Law § 50-e (3) (c), a savings provision, specifies that if a notice of claim is timely served *"but in a manner not in compliance with the provisions of this subdivision [3]"* (emphasis added), service is nonetheless valid "if the public corporation against which the claim is made demands that the claimant or any other person interested in the claim be examined in regard to it" or, alternatively, "if the notice is actually received by a proper person within the time specified by this section [i.e., within 90 days after the claim arises], and the public corporation fail [*sic*] to return the notice, specifying the defect in the manner of service, within thirty days after the notice is received" (emphasis added).[2]

Plaintiff asks us to apply General Municipal Law § 50-e (3) (c), the savings provision, to excuse her mistaken service on the Comptroller. In particular, she urges us to salvage her complaint by adopting the reasoning of the First Department in *Mercado v New York City Health & Hosps. Corp.* (247 AD2d 55 [1st Dept 1998] [where timely notice of claim names only HHC and is served on Comptroller who demands section 50-h hearing, General Municipal Law § 50-e (3) (c) applies and service of notice is valid]). HHC advocates for the contrary view, which was espoused by the Second Department here by force of its decision in *Stallworth v New York City Health & Hosps. Corp.* (243 AD2d 704 [2d Dept 1997], *lv denied* 91 NY2d 807 [1998] [service on Comptroller is insufficient to constitute service on HHC, and

---

**1.** Reading Unconsolidated Laws § 7401 (2) and General Municipal Law § 50-e (3) (a) together, we held in *Viruet* that a plaintiff may file a notice of intention on HHC by serving a director or officer or, alternatively, the Corporation Counsel, HHC's attorney.

**2.** Plaintiff has never alleged or argued that the notice was "actually received by a proper person" (a director or officer of HHC or the Corporation Counsel) within 90 days of the claim's accrual.

lack of service on HHC is not excused by its participation in section 50-h hearing or by provisions of General Municipal Law § 50-e (3) (c)]).

As an initial matter, we have long recognized that the City of New York and HHC are separate entities for purposes of a notice of claim (*see Bender v New York City Health & Hosps. Corp.*, 38 NY2d 662 [1976]). Further, our decisions respecting the former version of the savings provision as well as the current version's legislative history demonstrate that section 50-e (3) (c) was intended to cure improper *methods* of service, such as service by ordinary mail, not service on the wrong public entity (*Adkins v City of New York*, 43 NY2d 346, 350-351 [1977] [former savings provision "was designed to permit effective service within the statutory period by means other than (those articulated in the former statute)" (citing legislative history)]; *Munroe v Booth*, 305 NY 426 [1953] [former savings provision not applicable where notice of claim against board of education was served on school district business manager rather than member of board, trustee or clerk thereof, the only persons authorized by statute to receive service]).

The former savings clause was part of General Municipal Law § 50-e (3), which provided that the notice

> "shall be served on the party against whom the claim is made by delivering a copy thereof, in duplicate, personally, or by registered mail, to the person, officer, agent, clerk or employee, designated by law as a person to whom a summons in an action in the supreme court issued against such party may be delivered; *provided that if service of such notice be made within the period prescribed by this section, but in a manner not in compliance with the provisions of this subdivision, such service shall be deemed valid if such notice is actually received by such person, officer, agent, clerk or employee and such party against whom the claim is made shall cause the claimant or any other person interested in the claim to be examined in regard to such claim"* ([emphasis added]; Graziano, Recommendations Relating to Section 50-e of the General Municipal Law and Related Statutes, 21st Ann Report of NY Jud Conf, at 368 [1976]).

In *Adkins*, we reviewed the legislative history of the former savings provision as well as the cases applying it. Noting the

"harsh" results when complaints were dismissed because timely service was made by ordinary rather than registered mail, we concluded that the former savings provision was added "to permit effective service within the statutory period by means other than registered mail or personal delivery" (43 NY2d at 350, 351).

We also observed in *Adkins* that the former savings provision contained two requirements—first, that timely notice of claim was "actually received" by a person designated by law to receive service on behalf of the party against whom the claim was made; and second, that this party demanded an examination of the claimant (*id.* at 351). Only where both conditions were met could defects in the "manner" of service be cured (*id.; see also Munroe*, 305 NY at 428 [construing the former provision, and noting that the savings provision would not apply unless the notice was "actually received" by a statutorily designated representative of the public entity]; *Camarella v East Irondequoit Cent. School Bd.*, 34 NY2d 139, 142 [1974] [noting severe consequences of former section 50-e with regard to procedure for obtaining relief from late filing of notice of claim; dictum rejects suggestion that other papers be deemed a notice of claim where "it is not at all clear that (these papers) were served on the proper parties" and cites former subdivision (3)]).

In 1976, the Legislature amended section 50-e (3), turning it into four paragraphs. Paragraph (a) contains the requirement that service be made on "the person designated by law" to receive service. Paragraphs (a) and (b) now allow service by personal service, registered or certified mail. Paragraph (c) still applies only where service is timely, and refers only to defects in the "manner" of service. The Legislature also refashioned former section 50-e (3) slightly to create two separate and alternative circumstances which, if fulfilled, allow for defects in the manner of service to be excused—if the public corporation demands a section 50-h hearing, or if the notice is actually timely received by a proper person and the public corporation does not return it within 30 days of receipt, specifying the defect in the manner of service.

Plaintiff, who relies solely on the demand for a hearing, correctly notes that the 1976 amendments were designed to incorporate some flexibility into section 50-e (*see* Mem of Off of Ct Admin in Support, Bill Jacket, L 1976, ch 745 ["The purpose of this bill is to follow the suggestion of the Court of Appeals in (*Camarella*): to reconsider the harsher aspects of section 50-

e"]). In this regard, however, the legislative history primarily discusses revisions to relax the provisions governing late filing. References to section 50-e (3) focus strictly on the manner of service, consistent with the statutory language. If the amendments to section 50-e (3) were nonetheless also intended to relieve a plaintiff from the consequences of serving a notice of claim on the wrong public entity, one would expect to find some comment somewhere in the legislative history to this effect.

Here, plaintiff served a notice of claim on the City of New York. The proper—and different—party was HHC. A "party sustaining injury allegedly attributable to these health facilities [must] file a verified notice of claim with [HHC] prior to the commencement of a lawsuit" (*Bender*, 38 NY2d at 665). Plaintiff was put on notice of her error by HHC's answer to the complaint, which was served on September 5, 2000.[3] She had ample time to seek leave to serve a late notice of claim before her time to do so expired on February 16, 2001.

Plaintiff, as noted, counts on *Mercado*, a case in which the First Department reasoned that where the notice of claim names only HHC and is served on the Comptroller who then demands a section 50-h hearing, HHC is the only public entity on whose behalf the section 50-h hearing could have been demanded. But this reading of section 50-e (3) (c) disregards plaintiff's obligation to comply with subdivision (3) (a) by serving the correct public entity before defects in the manner of service may be excused (*Mercado*, 247 AD2d at 60 ["In order for (General Municipal Law § 50-e [3] [c]) to apply . . . service must have been made on the proper party; service cannot be 'valid' if it was never made"] [Tom, J., dissenting]).

The City properly cites *Stallworth* for the propositions that service on "the Comptroller of the City of New York is insufficient to constitute service on [HHC], the proper party to be served," and that "[t]he lack of service . . . [is] not cured by the participation of [HHC] in the General Municipal Law § 50-h hearing or by the provisions of General Municipal Law § 50-e

---

3. Because timely service of a notice of claim is a statutory condition precedent to a suit against HHC, a plaintiff must plead timely service in the complaint and HHC must therefore either admit or deny timely service in the answer. Accordingly, a plaintiff who unwittingly fails to serve HHC with a notice of claim would always have time to seek leave to serve a late notice assuming, of course, that the plaintiff served the complaint against HHC sufficiently before expiration of the one-year-and-90-day limitations period, not at the last minute.

(3) (c)" (243 AD2d at 704-705). In short, because plaintiff served the wrong public entity, the savings provision of General Municipal Law § 50-e (3) (c), which is limited in scope to defects in the manner of serving a notice of claim on the correct public entity, does not rescue her complaint from dismissal.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO and R.S. SMITH concur.

Order affirmed, with costs.