11-361-pr
Alexander v. City of Syracuse

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of December, two thousand eleven.

PRESENT:   GUIDO CALABRESI,
           REENA RAGGI,
           RAYMOND J. LOHIER, JR.,
                *Circuit Judges*.

------------------------------------------------------------------------

TROY ALEXANDER,
                *Plaintiff-Appellant*,

                v.                                    No. 11-361-pr

CITY OF SYRACUSE, STEVEN STONECYPHER,
COUNTY OF ONONDAGA, KARI A. ARMSTRONG,
TATEAKA LEWIS,
                *Defendants-Appellees*.[*]

------------------------------------------------------------------------

APPEARING FOR APPELLANT:        Troy Alexander, *pro se*, Lithonia, Georgia.

FOR APPELLEES:                  Mary Anne Doherty, City of Syracuse, Office of
                                the Corporation Counsel, Syracuse, New York,
                                *for* City of Syracuse, Steven Stonecypher.

---

[*] The Clerk of Court is directed to amend the caption as shown above.

Karen A. Bleskoski, Of Counsel, Gordon J. Cuffy, County Attorney, Syracuse, New York, *for* County of Onondaga, Kari A. Armstrong.

Tateaka Lewis, *pro se*, Syracuse, New York.

Appeal from the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on January 3, 2011, is AFFIRMED.

Pro se plaintiff Troy Alexander appeals from the district court's judgment dismissing his claims against defendants City of Syracuse (the "City"), Steven Stonecypher, County of Onondaga (the "County"), Kari A. Armstrong, and Tateaka Lewis. Alexander's 42 U.S.C. § 1983 and state law claims alleging false imprisonment, abuse of process, malicious prosecution, slander, and defamation all arise from Lewis's allegation that Alexander raped her, which led to Alexander's arrest and prosecution for rape, sodomy, and false imprisonment. Alexander here challenges the district court's (1) denial of his motion to remand to state court, (2) vacatur of a default entered against Lewis, (3) dismissal of claims against the County, Armstrong, and Lewis pursuant to Fed. R. Civ. P. 12(b)(6), and (4) award of summary judgment in favor of the City and Stonecypher pursuant to Fed. R. Civ. P. 56(a). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Denial of Remand

On de novo review, see Bounds v. Pine Belt Mental Health Care Res., 593 F.3d 209, 214 (2d Cir. 2010), we uphold the district court's denial of Alexander's motion to remand. The City's and Stonecypher's notice of removal was timely for the reasons stated by the district court. Alexander's notice of claim was a condition precedent to the filing of his initial pleading in state court. See N.Y. Gen. Mun. Law § 50-e(1)(a); Scantlebury v. N.Y. City Health & Hosps. Corp., 4 N.Y.3d 606, 607, 797 N.Y.S.2d 394, 395 (2005). It was not itself the initial pleading, the filing of which would have commenced defendants' time to file their notice of removal. See 28 U.S.C. § 1446(b); Moltner v. Starbucks Coffee Co., 624 F.3d 34, 36 (2d Cir. 2010).

Alexander's argument that the district court was required to hold an evidentiary hearing pursuant to 28 U.S.C. § 1446(c)(5) is without merit, as that statute by its plain terms provides for a hearing only where a defendant removes a criminal prosecution from state to federal court. See 28 U.S.C. § 1446(c)(1); United States v. White, 980 F.2d 836, 841 (2d Cir. 1992). Because Alexander raises no challenge on appeal to the district court's determination that the City and Stonecypher were not required to secure consent from the County, Armstrong, and Lewis before filing a notice of removal, we deem that argument abandoned and do not address it further. See LoSacco v. City of Middletown, 71 F.3d 88, 92–93 (2d Cir. 1995) (finding that issues not raised in pro se party's opening brief were abandoned).

3

2.    Vacatur of Default

We review the district court's vacatur order only for abuse of discretion, see Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993), which we do not identify here given the district court's reasonable determinations that Lewis, a pro se defendant, established that her default was not willful and that Lewis had colorable defenses to the claims against her. Further, Alexander was not prejudiced by vacatur because the other defendants' motions to dismiss were pending at the time of Lewis's motion.

3.    Fed. R. Civ. P. 12(b)(6) Dismissal

We review the district court's dismissal of Alexander's claims pursuant to Fed. R. Civ. P. 12(b)(6) de novo, construing the complaint liberally, accepting all factual allegations therein as true, and drawing all reasonable inferences in plaintiff's favor. See Harris v. Mills, 572 F.3d 66, 71–72 (2d Cir. 2009). We affirm the dismissal of all claims against the County and Armstrong as well as the malicious prosecution and abuse of process claims against the City and Stonecypher for the reasons stated in the district court's well-reasoned order. Alexander has abandoned any challenge to the district court's dismissal of his claim alleging that Lewis slandered and defamed him on October 5, 2007, by failing to discuss that allegation in his appellate brief. See LoSacco v. City of Middletown, 71 F.3d at 92–93.

4.    Summary Judgment

Finally, we review the district court's summary judgment rulings de novo, drawing all reasonable inferences from the record in Alexander's favor. See Miller v. Wolpoff & Abramson, LLP, 321 F.3d 292, 300 (2d Cir. 2003). Like the district court, we conclude that

4

Stonecypher had probable cause to arrest Alexander because there is no evidence that Stonecypher had reason to question the credibility of Lewis's rape accusation. See Curley v. Vill. of Suffern, 268 F.3d 65, 70 (2d Cir. 2001). Though Alexander claims he was wrongfully detained before Stonecypher knew about Lewis's accusation, we conclude, like the district court, that it was objectively reasonable for Stonecypher to believe that he had probable cause temporarily to detain Alexander in order to confirm whether, as Alexander stated upon arriving at the police station, he was wanted as a suspect in a rape case. See Jenkins v. City of New York, 478 F.3d 76, 87 (2d Cir. 2007). Finally, we conclude that there is no evidence that Alexander was wrongfully detained pursuant to a municipal policy or custom. Thus, Alexander's claim against the City was properly dismissed. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978).

We have considered Alexander's remaining arguments on appeal and conclude that they are without merit. The judgment in favor of defendants is therefore AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5