[994 NYS2d 813]

ANTOINETTE DRECKETTE, Individually and as Administratrix of the Estate of SAMUEL ISAIHA DRECKETTE, Deceased, Plaintiff, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Defendants.

Supreme Court, Kings County, September 17, 2014

### APPEARANCES OF COUNSEL

*Salvatore J. Russo, General Counsel, New York City Health and Hospitals Corporation,* New York City, for defendants.

*Peter Birzon & Associates, P.C.,* Jericho (*Maureen Quinn* of counsel), for plaintiff.

### OPINION OF THE COURT

Marsha L. Steinhardt, J.

Defendants New York City Health and Hospitals Corporation (NYCHHC) sued herein as Kings County Hospital Center and Dr. Susan Smith McKinney Nursing Rehabilitation Center move for an order dismissing the action pursuant to CPLR 3211 (a) (7) for failure to timely serve a notice of claim pursuant to General Municipal Law §§ 50-e and 50-i and section 7401 of the McKinney's Unconsolidated Laws of NY and dismissing the complaint pursuant to CPLR 3211 (a) (5) for failure to comply with the statute of limitations. Plaintiff cross-moves for an order deeming the notice of claim served timely nunc pro tunc upon NYCHHC and opposes defendants' motion.

This is an action sounding in medical malpractice arising from treatment rendered to decedent at Kings County Hospital and Dr. Susan Smith McKinney Nursing Rehabilitation Center from September 28, 2010 until his death on December 3, 2010. The action was commenced with the filing of a summons with notice on September 27, 2012.

Plaintiff e-filed a notice of claim with the Office of the Comptroller on December 21, 2010 and received a receipt acknowledging that the claim was received. Once the administrator for the estate was appointed, plaintiff e-filed a second notice of claim with the Office of the Comptroller. Again, a receipt for the filing was returned in response. Plaintiff claims that the Comptroller's website contains a drop-down menu that includes NYCHHC as an agency of the City. Plaintiff claims that she reasonably relied on the website's representation that service of a notice of claim as to NYCHHC could be made by using the Comptroller's online form.

The Court of Appeals has long recognized that the City of New York and NYCHHC are separate entities for purposes of a notice of claim. (*Bender v New York City Health & Hosps. Corp.*, 38 NY2d 662 [1976]; *Scantlebury v New York City Health & Hosps. Corp.*, 4 NY3d 606 [2005].) Since Kings County Hospital Center and Dr. Susan Smith McKinney Nursing Rehabilitation Center are operated by the defendant NYCHHC, the defendant NYCHHC was the proper party to be served with notice of claim. (*See* McKinney's Uncons Laws of NY § 7401 [New York City Health and Hospitals Corporation Act § 20 (L 1969, ch 1016, § 1)]; General Municipal Law § 50-e; *Brennan v City of New York*, 59 NY2d 791 [1983].) Service of the notice of claim on the Comptroller of the City of New York is insufficient to constitute service on the defendant New York City Health and Hospitals Corporation, the proper party to be served. (*Kroin v City of New York*, 210 AD2d 95 [1st Dept 1994]; *Ceely v New York City Health & Hosps. Corp.*, 162 AD2d 492 [2d Dept 1990]; *Campbell v City of New York*, 203 AD2d 504 [2d Dept 1994]; *Scantlebury v New York City Health & Hosps. Corp.*) Thus, the notice of claim e-filed with the Office of the Comptroller is fatally defective.

Plaintiff, relying on *Grskovic v Holmes* (111 AD3d 234 [2d Dept 2013]), argues that CPLR 2001 is available to correct the defect in her e-filing error. In that case, the plaintiff commenced the action in an e-filing practice system and not in the actual system which was set up thereafter. Plaintiff in this case claims that, as in *Grskovic*, the mistake was caused, in large part, by

the glitches in electronic filing and counsel's unfamiliarity with it and proposes that CPLR 2001 provides a remedy to correct technical errors.

■ CPLR 2001 states that

"[a]t any stage of an action, including the filing of a summons with notice, summons and complaint or petition to commence an action, the court may permit a mistake, omission, defect or irregularity, including the failure to purchase or acquire an index number or other mistake in the filing process, to be corrected, upon such terms as may be just, or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded, provided that any applicable fees shall be paid."

This section allows courts to correct or disregard technical defects occurring at the commencement of an action that do not prejudice the opposing party. (*Ruffin v Lion Corp.*, 15 NY3d 578 [2010].) The provision may not be used to correct a defect which relates to actual notice to a defendant, which is more than just a technical irregularity. (*See Ruffin v Lion Corp.*; CPLR 2001.) Thus, this section is inapplicable, here, as the filing defect affects a substantial right of the defendant and is more than a technical irregularity. Furthermore, CPLR 2001 may be used to correct defects in pleadings; however, a notice of claim is not a pleading but a condition precedent to suit. (*See Goldenberg v Westchester County Health Care Corp.*, 16 NY3d 323, 328 [2011].)

Plaintiff's e-filing upon the Comptroller also cannot be remedied by General Municipal Law § 50-e (3) (c), which is the savings provision that may be used to correct certain notice of claim defects. The savings provision of General Municipal Law § 50-e (3) (c) is limited in scope to defects in the manner of serving a notice of claim on the correct public entity. (*Scantlebury v New York City Health & Hosps. Corp.*) In *Scantlebury*, the plaintiff served the Comptroller's Office with a notice of claim alleging claims against NYCHHC. After reviewing the legislative history of the amended section 50-e (3) (c), the Court concluded that the section was intended to cure improper methods of service, such as service by ordinary mail, not service on the wrong public entity. (*Scantlebury* at 612; *see also Adkins v City of New York*, 43 NY2d 346, 350-351 [1977].) "In order for [General Municipal Law § 50-e (3) (c)] to apply . . . service must have been made on the proper party; service cannot be

'valid' if it was never made." (*Scantlebury* at 613.) In this case, as NYCHHC, the proper party to be served with notice of claim, was never served, the plaintiff cannot avail herself of corrective relief pursuant to General Municipal Law § 50-e (3) (c).

Plaintiff also argues that she relied on the online receipt she received after filing with the Comptroller's Office. She also argues that the drop-down menu included NYCHHC as an agency of the City which lulled her into believing that the filing with the Comptroller's Office was proper service on NYCHHC. She adds that the "glitch" in the Comptroller's website that listed NYCHHC as one of its agencies was misleading. As she relied on the Comptroller's website to her detriment, she claims that NYCHHC should be estopped from rejecting the filing.

■ It is well established that equitable estoppel against a public corporation will lie only when the conduct of the public corporation was calculated to, or negligently did, mislead or discourage a party from serving a timely notice of claim, and when that conduct was justifiably relied upon by that party. (*Dier v Suffolk County Water Auth.*, 84 AD3d 861 [2d Dept 2011]; *see Bender v New York City Health & Hosps. Corp.*, 38 NY2d 662 [1976]; *Dorce v United Rentals N. Am., Inc.*, 78 AD3d 1110, 1111 [2d Dept 2010]; *Vandermast v New York City Tr. Auth.*, 71 AD3d 1127 [2d Dept 2010]; *Mohl v Town of Riverhead*, 62 AD3d 969 [2d Dept 2009]; *Wade v New York City Health & Hosps. Corp.*, 16 AD3d 677 [2d Dept 2005].) Here, however, equitable estoppel does not apply because defendant NYCHHC did not induce the plaintiff to believe that the filing was proper. Nor did NYCHHC participate in any misleading conduct, affirmative or negligent behavior, that plaintiff could have justifiably relied upon. Indeed, there is no evidence that NYCHHC had any involvement with the Comptroller's website. Further, there is no statutory provision for the e-filing of a notice of claim upon NYCHHC, which pursuant to statute must be either filed personally, or by registered or certified mail. (*See* McKinney's Uncons Laws of NY § 7401 [2]; General Municipal Law § 50-e [3] [a].) In sum, estoppel against NYCHHC is inapplicable and unsupported by the facts in this case.

As plaintiff has failed to file a notice of claim upon NYCHHC and the statutory periods have expired, the court has no discretion to extend time to serve a late notice of claim for neither pain and suffering or wrongful death claims. Extension of time to serve a notice of claim for pain and suffering must not exceed the one-year-and-90-day statute of limitations. (*Pierson v City of*

*New York*, 56 NY2d 950, 954 [1982].) In this case, the year and 90 days expired on or about January 3, 2012. Likewise, the court cannot extend plaintiff's time to file a late notice of claim for wrongful death past the two-year statute of limitations which expired on October 3, 2012. (*See Jones v City of New York*, 300 AD2d 359, 360 [2d Dept 2002].)

Accordingly, the action must be dismissed in its entirety, with prejudice.