Watts v City of New York (2020 NY Slip Op 05083)





Watts v City of New York


2020 NY Slip Op 05083


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2018-11011 
2018-14342
 (Index No. 705654/17)

[*1]Rashawn Watts, etc., appellant, 
v
City of New York, et al., defendants, New York City Health and Hospitals Corporation, respondent.


Rhonda Hill Wilson, New York, NY (Michael Dachs of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Jeremy W. Shweder and Susan Paulson of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, negligence, and wrongful death, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered July 17, 2018, and (2) an order of the same court entered October 31, 2018. The order entered July 17, 2018, insofar as appealed from, granted the motion of the defendant New York City Health and Hospitals Corporation to dismiss the complaint insofar as asserted against it for failure to serve a timely notice of claim. The order entered October 31, 2018, denied the plaintiff's motion pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim on the defendant New York City Health and Hospitals Corporation.
ORDERED that the order entered July 17, 2018, is affirmed insofar as appealed from; and it is further,
ORDERED that the order entered October 31, 2018, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
The plaintiff's decedent died on May 12, 2016, at nonparty Queens Hospital Center, where the decedent had previously undergone surgery for a perforated ulcer. On July 27, 2016, the Surrogate's Court issued letters of limited administration for the decedent's estate to the plaintiff. In April 2017, the plaintiff commenced the instant action against, among others, the defendant New York City Health and Hospitals Corporation (hereinafter HHC), asserting causes of action, inter alia, to recover damages for medical malpractice, conscious pain and suffering, and wrongful death. In its answer, HHC asserted, as a fifth affirmative defense, that the action "was not commenced within the time specified in Section 7401 of the Unconsolidated Laws of New York State," and as an eighth affirmative defense, that the complaint failed to state a cause of action "because it fails to meet the requirements of Section 7401 of the Unconsolidated Laws of New York State." HHC subsequently moved to dismiss the complaint insofar as asserted against it based on the plaintiff's failure to serve a timely notice of claim or seek leave of the court to serve a late notice of claim within the applicable statute of limitations. The plaintiff opposed the motion. By order entered July 17, 2018, the Supreme Court granted the motion. Thereafter, the plaintiff moved pursuant to General Municipal [*2]Law § 50-e(5) "to extend time" to serve a late notice of claim on HHC. HHC opposed the motion. By order entered October 31, 2018, the Supreme Court denied the plaintiff's motion as moot, inasmuch as the action had been dismissed as to HHC and the plaintiff had not moved to vacate the prior order of dismissal. The plaintiff appeals from the orders.
Service of a notice of claim within 90 days after accrual of a tort claim is a condition precedent to commencing an action against a public corporation such as the HHC (see McKinney's Uncons Laws of NY § 7401[2] [New York City Health and Hospitals Corporation Act § 20(2), as added by L 1969, ch 1016, § 1, as amended by L 1990, ch 804, § 122]; General Municipal Law § 50-e[1][a]; Scantlebury v New York City Health & Hosps. Corp., 4 NY3d 606, 609). However, with respect to a wrongful death cause of action, the 90 days runs from the appointment of a representative of the decedent's estate (see General Municipal Law § 50-e[1][a]).
As the Court of Appeals has "long recognized," the City of New York and HHC are separate entities for purposes of a notice of claim (Scantlebury v New York City Health & Hosps. Corp., 4 NY3d at 611; see Bender v New York City Health & Hosps. Corp., 38 NY2d 662, 665-666). Accordingly, to the extent the plaintiff maintained that he served a notice of claim upon the Comptroller of the City of New York, this was insufficient to constitute service upon HHC (see Scantlebury v New York City Health & Hosps. Corp., 4 NY3d at 613). General Municipal Law § 50-e(5) permits a court to extend the time to serve a notice of claim. In determining whether to grant such an extension, the court must consider various factors, of which the most important is whether the public corporation acquired actual notice of the essential facts constituting the claim within 90 days after the accrual of the claim or within a reasonable time thereafter (see Brunson v New York City Health & Hosps. Corp., 144 AD3d 854, 855-856). As a matter of law, a court only has the discretionary authority to allow the filing of a late notice of claim within the statute of limitations period, unless the limitations period has been tolled (see General Municipal Law § 50-e[5]; Pierson v City of New York, 56 NY2d 950). An action against a public corporation to recover damages for medical malpractice or conscious pain and suffering must be commenced within one year and 90 days after the accrual of the cause of action (see McKinney's Uncons Laws of NY § 7401[2]; General Municipal Law § 50-i[1][c]; CPLR 217-a; Cherise v Braff, 50 AD3d 724, 726). An action to recover damages for wrongful death must be commenced within two years after the death (see General Municipal Law § 50-i[1][c]; Public Authorities Law § 2981; EPTL 5-4.1[1]; Collins v City of New York, 55 NY2d 646).
Here, even if the plaintiff's opposition to HHC's dismissal motion, which was filed by the plaintiff on June 11, 2018, is deemed an application to extend the time to serve a notice of claim pursuant to General Municipal Law § 50-e(5), the Supreme Court lacked authority to grant leave to serve a late notice of claim or to deem the notice of claim timely served nunc pro tunc (see General Municipal Law § 50-e[5]), absent a finding of an equitable estoppel (see Siahaan v City of New York, 123 AD2d 620). The statute of limitations on the causes of action alleging medical malpractice and conscious pain and suffering expired on August 10, 2017, which was 1 year and 90 days after the decedent's death on May 12, 2016 (see Argudo v New York City Health & Hosps. Corp., 81 AD3d 575; Macias v City of New York, 201 AD2d 541), and HHC's dismissal motion was filed on May 24, 2018, which was beyond the two-year limitations period for the wrongful death cause of action (see Jones v City of New York, 300 AD2d 359). Accordingly, the court was without authority or discretion as of June 11, 2018, to grant an application for leave to serve a late notice of claim.
While the doctrine of equitable estoppel permits a court, under appropriate circumstances, to extend a claimant's time to serve a late notice of claim beyond the limitations period (see Konner v New York City Tr. Auth., 143 AD3d 774, 776), here, there is no evidence in the record demonstrating that HHC misled the plaintiff or discouraged him from serving a timely notice of claim so as to support a finding of equitable estoppel (see Wade v New York City Health & Hosps. Corp., 16 AD3d 677). Furthermore, there is no indication in the record that the plaintiff relied upon any alleged act or omission of HHC or that such reliance caused the plaintiff to change his position to his detriment or prejudice (see Bender v New York City Health & Hosps. Corp., 38 NY2d at 668; Matter of Lubin v City of New York, 148 AD3d 898, 900). Contrary to the plaintiff's contention, HHC's participation in pretrial discovery did not preclude it from raising the untimeliness of the [*3]notice of claim (see Barnaman v New York City Health & Hosps. Corp., 90 AD3d 588; Wade v New York City Health & Hosps. Corp., 16 AD3d at 677; cf. Konner v New York City Tr. Auth., 143 AD3d at 777).
Accordingly, we agree with the Supreme Court's determination to grant HHC's motion to dismiss the complaint insofar as asserted against it on the ground that the plaintiff failed to timely serve a notice of claim (see Moroz v City of New York, 165 AD3d 779; Ibarra v New York City Health & Hosps. Corp. [Woodhull Med. & Mental Health Ctr.], 37 AD3d 660; Urena v New York City Health & Hosps. Corp., 35 AD3d 446). Likewise, we agree with the court's determination to deny the plaintiff's motion pursuant to General Municipal Law § 50-e(5).
RIVERA, J.P., AUSTIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court