08-3487-cv
*Bounds v. Pine Belt Mental Health Care Resources*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term 2009

(Submitted: August 26, 2009                    Decided: January 27, 2010)

Docket No. 08-3487-cv

---

GREG BOUNDS,

Plaintiff-Appellant,

- v. -

PINE BELT MENTAL HEALTH CARE RESOURCES, WALID RAHHAL-MOHAMED,
M.D., CHRIS LAMOUSIN, M.D. and ASIM ULUSARAC, M.D.,

Defendants-Appellees,

ELI LILLY and COMPANY,

Defendants.

---

Before: MINER, POOLER, and KATZMANN, Circuit Judges.

Appeal from an order entered in the United States District Court for the Eastern District of New York (Weinstein, J.) denying reconsideration of a judgment entered in the United States District Court for the Southern District of Mississippi (Starrett, J.) denying a motion by plaintiff-appellant, a citizen of Mississippi, to remand the action to the Circuit Court of Forrest County, Mississippi following its removal to the Federal District Court by defendant-appellee drug manufacturer, a citizen of Indiana; and granting a motion by defendants-appellees, a mental health facility and three physicians employed there, all citizens of Mississippi, to dismiss the complaint for failure to state a claim against the Mississippi citizen defendants in an action asserting malpractice and negligence claims against them and products liability claims against the drug manufacturer, the District Court having determined: (1) that plaintiff had failed to comply with the notice requirements of the Mississippi Tort Claims Act, requiring dismissal of the claims against all the Mississippi citizen defendants; (2) that the Mississippi citizen defendants therefore were improperly joined with the non-citizen drug manufacturer in the removed state action; and (3) that diversity jurisdiction accordingly lies in federal court such as to warrant denial of remand.

Reversed with instructions to remand to the Circuit Court of Forrest County, Mississippi.

Blewett W. Thomas, Gulfport, MS, for Plaintiff-Appellant.

Vicki R. Leggett, Zachary & Leggett, PLLC, Hattiesburg, MS, for Defendants-Appellees.

MINER, Circuit Judge:

Plaintiff-appellant Greg Bounds, a citizen of Mississippi, appeals from an order entered in the United States District Court for the Eastern District of New York (Weinstein, J.) denying reconsideration of a judgment entered in the United States District Court for the Southern District of Mississippi (Starrett, J.). In re Zyprexa Prods. Liab. Litig., Nos. 04-MD-1596; 08-cv-1364, 2008 WL 2466208 (E.D.N.Y. June 18, 2008). That judgment denied a motion by Bounds to remand this action to the Circuit Court of Forrest County, Mississippi following its removal to the United States District Court for the Southern District of Mississippi by defendant-appellee Eli Lilly Company, a citizen of Indiana. Greg Bounds v. Pine Belt Mental Health Care Res., No. 2:07cv356-KS-MTP, 2008 WL 552865 (S.D. Miss. Feb. 27, 2008). The judgment also granted a motion by defendants-appellees Pine Belt Mental Health Care Resources, Walid Rahhal-Mohamed, M.D., Chris Lamousin, M.D. and Asim Ulusarac, M.D., all citizens of Mississippi, to dismiss for failure to state a claim against them (together, "the Mississippi citizen defendants"). Id. at *1, *4. In the complaint, Bounds pleaded, inter alia, negligence and malpractice claims against the Mississippi citizen defendants and product liability claims against the Eli Lilly Company. Id. at *1. The District Court determined: (1) that plaintiff had failed to comply with the notice requirements of the Mississippi Tort Claims Act (the "Act"), requiring dismissal of the claims against the Mississippi citizen defendants; (2) that the said defendants therefore were improperly joined with the Eli Lilly Company in the removed state action; and (3) that diversity jurisdiction accordingly lies in federal court such as to warrant denial of remand. Id. at *1, *3.

**BACKGROUND**

I.      Nature of the Claims

Bounds is fifty-one years of age and has been treated for various mental illnesses over a period of fifteen years. He has been committed by court order in the past to mental health facilities and has been adjudicated as totally disabled by reason of his mental disabilities by the

Social Security Administration. In 1998, he became a patient of the Pine Belt Mental Health Care Resources ("Pine Belt") in Hattiesburg, Mississippi. At that facility, he came under the care of Doctors Mohamed, Lamousin and Ulusarac (the "physicians"), who were employees of the facility. In June of 1998, the physicians began to prescribe the drug known as Zyprexa for Bounds. Zyprexa is a drug manufactured by the Eli Lilly Company ("Eli Lilly") and used in the treatment of schizophrenia. Bounds claims that he immediately sustained adverse reactions to the drug but that the physicians continued to prescribe it for him.

In 2003, Bounds was diagnosed with the onset of diabetes mellitus type 2 or adult-onset diabetes. He claims that, despite public warnings that diabetes mellitus type 2 was a potentially dangerous side effect of Zyprexa, the physicians continued to prescribe it for his use over a period of approximately two years. In January of 2004, Bounds reported to the physicians that his personal physician had discovered neuropathy in both his feet, neuropathy being a condition said to be due to his diabetic condition and, ultimately, to the use of Zyprexa.

On November 25, 2006, counsel for Bounds forwarded a letter by certified mail to Pine Belt. The text of the letter in its entirety is as follows:

> As attorney for Greg Bounds, this letter is to serve as the statutory notice required under Miss. Code Ann. § 15-1-36(15) of his claims of professional negligence against your facility and his intention to begin legal action within sixty (60) days of this notice. Primarily, Mr. Bounds alleges that you were professionally negligent in your failure to advise him that the prescription Zyprexa could result in various complications, including but not limited to diabetes, and your continued prescription of Zyprexa once he developed diabetes. Additionally, Mr. Bounds alleges that you were professionally negligent in your failure to advise and instruct your staff on the dangers and complications that studies had shown to be related to the prescription Zyprexa.
>
> Mr. Bounds may assert such additional claims as his experts or representatives believe the evidence supports.

The "Miss. Code Ann. § 15-1-36 (15)" citation in the letter describes a Mississippi statute that requires sixty days prior written notice in advance of suit against any health care provider for professional negligence. This statute provides that the notice must advise the health care

provider "of the legal basis of the claim and the type of loss sustained, including with specificity the nature of the injuries suffered." Id. Apparently, there was no specific response to the letter, although the Mississippi citizen defendants do not contest the statement in Bounds' brief on appeal that, subsequent to the letter, "Bounds' attorney cooperated with the insurer and attorneys representing the Mississippi citizen defendants in providing additional information and medical releases for Bounds to facilitate their investigation of the claims."

II.	Commencement of the Action, Removal, and Proceedings in the District Courts

This action was commenced by the filing of a complaint in the Forrest County Circuit Court on July 20, 2007. The complaint alleges causes of action in malpractice and professional negligence against the Mississippi citizen defendants (Count I); negligence and gross negligence against Eli Lilly (Count II); strict liability in tort and failure to warn against Eli Lilly (Count III); liability under the Mississippi Extended Manufacturers Liability Doctrine against all defendants (Count IV); breach of implied warranty against all defendants (Count V); breach of express warranty against all defendants (Count VI); fraud against all defendants (Count VII); and fraud by concealment against all defendants (Count VIII). The complaint included the following specific allegations in paragraph four thereof:

> The Plaintiff specifically avers that the core claim alleged in this Complaint contends that the health care providers named as Defendants herein (to wit, Pine Belt Mental Health Care and the individual defendants Rahhal-Mohamed, Lamousin and Ulusarac) were professionally negligent and commitment [sic] medical malpractice in their treatment of the Plaintiff, with the claims alleged against the defendant Eil [sic] Lilly being primarily either a proximate cause of or a contributing factor to such professionally [sic] negligence, or otherwise alleging that Eli Lilly committed acts collaterally related to or causally connected to the alleged acts of professional negligence and medical malpractice. Accordingly, any attempt by any named Defendant herein to remove this case to federal court would be baseless in fact, frivolous and in contradiction to controlling and applicable legal authority.

Thereafter, on December 14, 2007, Eli Lilly removed the action to the United States District Court for the Southern District of Mississippi. In its Notice of Removal, Eli Lilly

asserted that Bounds had failed to comply with the requirements of the Mississippi Tort Claim Act, Miss. Code Ann. § 11-46-11(1), which requires written notice containing specific information to be served within ninety days prior to filing suit on tort claims against governmental entities in Mississippi. Included in the Notice of Removal was the following:

> 19. Because Plaintiff did not provide timely and proper notice as required by Miss. Code Ann. § 11-46-11 (2007), the Complaint is insufficient as a matter of law to state claims against Defendants Pine Belt Mental Health Care, Rahhal-Mohamed, Lamousin and Ulusarac[,] and those claims must be dismissed. Accordingly, Defendants Pine Belt Mental Health Care, Rahhal-Mohamed and Lamousin have been fraudulently and improperly joined as Defendants to defeat diversity and must be disregarded for purposes of determining diversity of citizenship for federal jurisdiction.

Accordingly, Eli Lilly contended that jurisdiction in the Mississippi District Court was properly invoked on the basis of complete diversity of citizenship, since it was a citizen of Indiana and the sole remaining defendant, and plaintiff Bounds was a citizen of Mississippi. Bounds thereafter filed a motion to remand, and the Mississippi citizen defendants filed a motion to dismiss the action with respect to the claims pleaded against them.

III.    Decisions of the District Courts

In its opinion for dismissal, the Mississippi District Court first observed that federal diversity jurisdiction cannot be defeated by the improper joinder of an in-state defendant and that there is improper joinder where "(1) there is actual fraud in pleading jurisdictional facts; or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant." Bounds v. Pine Belt Mental Health Care Res., No. 2:07cv356, 2008 WL 552865, at *2 (S.D. Miss. Feb. 27, 2008). The court further noted that, unless there is a reasonable basis for liability, a non-diverse defendant cannot remain in the lawsuit. Id.

Turning to the provisions of the Mississippi Tort Claims Act, the Mississippi District Court reviewed the notice requirements of that statute, said to provide the exclusive remedy in suits against Mississippi governmental entities such as Pine Belt (and to employees acting within

the scope of their employment). Id. at *3. The court found that Bounds failed to comply with at least four of the seven categories of the notice requirement in the letter provided by his attorney as quoted above. The court concluded that these failures were serious enough to defeat any possibility of Bounds' recovery against the in-state defendants despite Bounds' claim that he had substantially complied with the requirements. The Mississippi District Court concluded its opinion as follows:

> The MTCA [Mississippi Tort Claims Act] establishes rigid and inflexible notice requirements for plaintiffs who plan to pursue litigation against the state. Although state courts have excused plaintiffs who offered meager responses to each of the seven statutory categories, no state court has excused a plaintiff who wholly ignored one or more of the items required. Bound's failure to comply with Miss. Code Ann. § 11-46-11(2) leaves no reasonable basis upon which this Court could predict that he might recover against the in-state Defendants. Their joinder to this action is therefore improper, and the in-state Defendants should be dismissed, while the motion to remand should be denied.

Id. at *4.

Bounds moved for reconsideration of the Mississippi District Court's judgment, but before the District Court could rule on the motion, the case was transferred to the United States District Court for the Eastern District of New York by the Multi-District Litigation Panel as part of the Zyprexa Products Liability Litigation. See In re Zyprexa Prods. Liab. Litig., 239 F.R.D. 316 (E.D.N.Y. 2007). It therefore fell to Judge Weinstein of the Eastern District of New York, to whom the Multi-District Litigation was assigned, to decide the motion for reconsideration. Judge Weinstein denied the motion, retaining the action against Eli Lilly alone in the Eastern District. In his June 18, 2000 order denying the motion, Judge Weinstein wrote as follows:

> No facts or controlling decisions were overlooked by the Mississippi federal court. Subject matter jurisdiction lies in federal court and the case was properly transferred to this court by the Judicial Panel on Multidistrict Litigation. Plaintiff's motion to reconsider is denied.

In re Zyprexa Prods. Liab. Litig., 04-MD-1596, 08-cv-1364, 2008 WL 2466208, at *1 (E.D.N.Y. June 18, 2008). It is from this Order that Bounds now appeals, having filed his Notice of Appeal

-7-

on July 10, 2008. Thereafter, by Stipulation and Order of Dismissal dated December 11, 2008, all claims asserted against Eli Lilly in this action were dismissed with prejudice.

Having filed a timely Notice of Appeal, Bounds asserts the following arguments here.

IV. Arguments on Appeal

On appeal, Bounds argues that the Mississippi citizen defendants were prohibited by state law from waiving the state's Eleventh Amendment Immunity and consenting to federal jurisdiction; that he has alleged in his complaint claims and causes of action not governed by the Mississippi Tort Claims Act; that he has sufficiently complied with the notice provisions of the Act; that the Mississippi citizen defendants are estopped from asserting his failure to comply with the notice provisions of the Act; and that the result reached in the district courts' opinions unconstitutionally deprived him of his property interests in the proper treatment of his mental illnesses, as guaranteed by Mississippi statute, without due process of law, and of his right of access to the courts for redress of grievances.

In response, the Mississippi citizen defendants assert that the Eleventh Amendment is irrelevant in an analysis of improper joinder; that the fraud allegations included in the complaint do not excuse Bounds from complying with the Mississippi Tort Claims Act; that Bounds has failed to comply with the notice requirements of the Act; that his failure to comply cannot be excused by a subsequent investigation of his claims by the state; and that there are no constitutional violations that support Bounds' claim.

**ANALYSIS**

I. Of the Standard of Review

In our analysis of the decision of the district courts, we apply a de novo standard of review, both to the denial of Bounds' motion to remand the action and to the grant of the Mississippi citizen defendants' motion to dismiss the action for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Accordingly, we examine anew the application of

law to fact undertaken by the district courts in arriving at the decisions appealed from.

II.      Of Removal and Remand

The federal removal statute allows a defendant to remove an action to the United States District Court in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The district courts also "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . [inter alia] citizens of different States." 28 U.S.C. § 1332(a). The former is denominated "Federal Question" jurisdiction, and the latter is denominated "Diversity of Citizenship" jurisdiction. Eli Lilly purported to invoke the latter in its Notice of Removal.

To remove a case based on diversity jurisdiction, it is incumbent upon the diverse defendant to aver that all the requirements of diversity jurisdiction have been met. 28 U.S.C. § 1446. Complete diversity of citizenship of the parties is required, since an "action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). In other words: "When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for each defendant or face dismissal." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 829 (1989). Bounds insists that there is not complete diversity by reason of the proper joinder of the Mississippi citizen defendants and that federal court jurisdiction consequently is lacking. Accordingly, he seeks remand under the provisions of 28 U.S.C. § 1447(c): "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded [to the state court]."

A plaintiff may not defeat federal court diversity jurisdiction by improperly joining as a defendant a non-diverse party with no real connection to the controversy. This rule is known as

the doctrine of fraudulent joinder:

> The doctrine of fraudulent joinder is meant to prevent plaintiffs from joining non-diverse parties in an effort to defeat federal jurisdiction. Under the doctrine, courts overlook the presence of a non-diverse defendant if from the pleadings there is no possibility that the claims against that defendant could be asserted in state court. The defendant bears the heavy burden of proving the circumstances by clear and convincing evidence, with all factual and legal ambiguities resolved in favor of plaintiff.

Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 302 (2d Cir. 2004) (citations omitted). The District Court determined that Bounds' complaint failed to state a claim against the Mississippi citizen defendants under the provisions of the Mississippi Tort Claims Act. It was this determination that led to the finding that the Mississippi citizen defendants were improperly joined as defendants, leading to the denial of Bounds' motion to remand as well as to the dismissal of his action against the Mississippi citizen defendants.

III.     Of the Mississippi Tort Claims Act

As it pertains to the claims of professional negligence and medical malpractice asserted by Bounds, the Mississippi Tort Claims Act provides: "[T]he immunity of the state and its political subdivisions from claims for money damages arising out of the torts of such governmental entities and the torts of their employees while acting within the course and scope of their employment is hereby waived." Miss. Code Ann. § 11-46-5(1). These claims may be pursued only in accordance with the Act, which "is the exclusive remedy for filing a lawsuit against governmental entities and [their] employees." City of Jackson v. Brister, 838 So.2d 274, 278 (Miss. 2003); see also Miss. Code Ann. § 11-46-7. Pine Belt is a facility of the State of Mississippi and therefore a government entity, and the defendant physicians are its employees.

The Act includes the following provision:

> After all procedures within a governmental entity have been exhausted, any person having a claim for injury arising under the provisions of this chapter against a governmental entity or its employee shall proceed as he might in any action at law or in equity; provided, however, that ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim with the

-10-

chief executive officer of the governmental entity.

Miss. Code Ann. § 11-46-11. The Supreme Court of Mississippi has stated that the notice requirements are "substantive requirements, which are no more or less important than a statute of limitations." Stuart v. Univ. of Miss. Med. Ctr., 21 So.3d 544, 550 (Miss. 1999).

It is unchallenged that Bounds exhausted internal procedures and that he served a notice on Pine Belt, although the Chief Executive Officer was not specifically named in the notice. What is contested is the adequacy of the notice served. The required contents of the Notice of Claim are set forth in the Act as follows:

> Every notice of claim shall contain a short and plain statement of the facts upon which the claim is based, including the circumstances which brought about the injury, the extent of the injury, the time and place the injury occurred, the names of all persons known to be involved, the amount of money damages sought and the residence of the person making the claims at the time of the injury and at the time of filing the notice.

Miss. Code Ann. § 11-46-11(2).

To satisfy the foregoing requirements, Mississippi law requires only substantial compliance. See Powell v. City of Pascagoula, 752 So.2d 999, 1004–05 (Miss. 1999); Thornburg v. Magnolia Reg'l Health Ctr., 741 So.2d 220, 222 (Miss. 1999). In approving the test of substantial compliance, the Mississippi Supreme Court has issued the following caveat:

> Even though this Court now finds substantial compliance to be sufficient, we stress that substantial compliance is not the same as, nor a substitute for, non-compliance. The determination of substantial compliance is a legal, though fact-sensitive question and is, therefore, necessarily decided on an ad hoc basis.

Carr v. Town of Shubuta, 733 So.2d 261, 265 (Miss. 1999), overruled on other grounds by Stuart, 21 So.3d at 550 (holding that the notice requirements set forth in the statute are "nonjurisdictional and, therefore, waivable").

In its most recent application of the substantial compliance rule, the Mississippi Supreme Court in Lee v. Mem'l Hosp. at Gulfport, 999 So.2d 1263 (Miss. 2008) (en banc), was confronted with a claim against a hospital for medical malpractice arising from a coronary artery

by-pass graft with closure of the sternum. Id. at 1264. The Notice of Claim consisted of a letter bearing the letterhead and signature of the claimant's attorney as well as the claimant's name and date of birth. Id. There followed a narrative description of the claimant's hospitalization, her surgery, post-operative difficulties, and the further course of treatment necessitated by the injuries suffered during the heart surgery. Id. Included was a statement that "[t]he substandard care rendered by [hospital] employees proximately caused and/or was a proximate contributing cause of Ms. Lee's injuries." Id. The letter concluded with a request for an explanation as to why the hospital should not be held accountable for the injuries or, if there were no explanation, that the letter be passed on to the hospital's insurance carrier. Id.

After reviewing the Notice of Claim, the Court in Lee determined that there had been substantial compliance with the requirements of the Mississippi Tort Claims Act. Specifically, the Court noted that the claimant: described the circumstances that brought about her injury; provided information regarding the extent of her injuries; adequately set forth the dates of her hospitalization and of the discovery of her injuries; listed all persons known to be involved, although the claimant was unable to verify the names of those who cared for her at the time of injury; stated the place of her injury; and set forth her medical special damages as "exceed[ing] $100,000." Id. at 1267. Although the claimant did not provide her residence at the time of injury or notice, the Court found substantial compliance with the residence requirement because "[t]he address of Lee's counsel was provided, and Lee's date-of-birth and dates of hospitalization were provided for identification purposes." Id. The Court concluded: "Clearly [the hospital] was able to identify Lee as a patient and investigate and conduct a 'review of the matter' as evidenced by its letter of denial." Id.

IV.     Of the Application of the Mississippi Tort Claims Act and Its Consequences

Although the letter dated November 20, 2006, from Bounds' attorney to Pine Belt recited that it was sent in compliance with Miss. Code Ann. § 15-1-36(15), which requires a claimant to

provide notice before maintaining a malpractice action against any provider of medical care, it also was substantially compliant with the notice requirements of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-11(2). Bounds' letter was written on the letterhead of his attorney, stated an intention to begin legal action within sixty days, and alleged professional negligence on the part of Pine Belt in prescribing Zyprexa for Bounds and in continuing to prescribe the drug after Bounds developed diabetes. Also set forth in the letter was an allegation that Pine Belt was "professionally negligent in [its] failure to advise and instruct [its] staff on the dangers and complications that studies had shown to be related to the prescription of Zyprexa."

Moreover, as in Lee, the information furnished here enabled the facility to identify the claimant as a patient and to investigate and conduct a review of the matter. The Act is said to require that the governmental entity be afforded sufficient information to investigate the claim as the key factor in an analysis of substantial compliance:

> In general, a notice that is filed within the [requisite] period, informs the municipality of the claimant's intent to make a claim and contains sufficient information which reasonabl[y] affords the municipality an opportunity to promptly investigate the claim satisfies the purpose of the statute and will be held to substantially comply with it.

Carr, 733 So.2d at 263 (quoting Collier v. Prater, 544 N.E.2d 497, 498–99 (Ind. 1989)) (first alteration in original). The letter from Bounds' attorney provided information sufficient to enable Pine Belt to investigate promptly and to review the claim. Indeed, it appears that the insurance carrier for Pine Belt investigated the matter soon after the letter was received and solicited further information from Bounds' attorney with regard to the claim. In view of the foregoing, there was sufficient compliance with the Act to state a claim against Pine Belt and its physician-employees. Complete diversity therefore did not exist ab inito in this action. Removal to the District Court in Mississippi therefore was improper, and we need not address any of Bounds' other arguments against removal.

-13-

**CONCLUSION**

The judgment of the District Court dismissing the claims against the Mississippi citizen defendants for failure to state a claim is reversed. This action, now minus the Eli Lilly Company, is remanded to the United States District Court for the Eastern District of New York with instructions to remand to the Circuit Court of Forrest County, Mississippi. See In re New England Mut. Life Ins. Co. Sales Practice Litig., 324 F. Supp. 2d 288, 291–92 (D. Mass. 2004) ("The Judicial Panel on Multidistrict Litigation . . . has concluded repeatedly that pending motions to remand [multi-district litigation-transferred actions] to their respective state courts can be presented to and decided by the transferee judge." (internal quotation marks omitted)).