Cuomo v. Crane Co.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2014

(Argued: November 5, 2014　　Decided: November 13, 2014)

Docket No. 13-4510-cv

SUSAN CUOMO, individually and as administratix for the
Estate of Joseph Cuomo,

*Plaintiff-Appellee,*

— v. —

CRANE CO.,

*Defendant-Appellant,*

AIR & LIQUID SYSTEMS CORPORATION, as successor by merger to Buffalo Pumps,
Inc., ATWOOD & MORILL COMPANY, AURORA PUMP COMPANY, BLACKMER, BW/IP,
INC., and its wholly owned subsidiaries, BYRON JACKSON PUMPS, CBS
CORPORATION, successor by merger to CBS Corporation, FKA, Viacom Inc., FKA
Westinghouse Electric Corporation, CLEAVER BROOKS COMPANY, INC., FMC
CORPORATION, AMERICA STANDARD INC., FOSTER WHEELER, L.L.C., GARDNER
DENVER, INC., GENERAL ELECTRIC COMPANY, GOULDS PUMPS, INC., IMO
INDUSTRIES, INC., INGERSOLL-RAND COMPANY, OWENS-ILLINOIS, INCORPORATED,
RAPID-AMERICAN CORPORATION, TRANE U.S. INC., FKA American Standard Inc.,
U.S. RUBBER COMPANY (UNIROYAL), UNION CARBIDE CORPORATION, WARREN
PUMPS, L.L.C., WEINMAN PUMP & SUPPLY CO., YARWAY CORPORATION, AMCHEM

PRODUCTS, INC., now known as Rhone Poulenc AG Company now known as Bayer Conscience, Inc.,

*Defendants.*

————————————

B e f o r e:

LEVAL, LYNCH, and DRONEY, *Circuit Judges.*

————————————

Defendant-appellant Crane Co. appeals from an order of the district court remanding plaintiff-appellee Susan Cuomo's failure-to-warn action against Crane to state court after Crane removed the case under the federal officer removal statute. Crane argues that the district court erred by requiring evidence that the Navy either affirmatively proscribed or dictated the content of asbestos warnings as the basis of Crane's federal contractor defense. Because we agree that Crane has asserted a colorable federal contractor defense despite the absence of such evidence, we reverse.

————————————

ALANI GOLANSKI, Weitz & Luxenberg, P.C., New York, New York, *for Plaintiff-Appellee* Susan Cuomo.

2

MICHAEL JAMES ROSS (Angela DiGiglio and Nicholas P. Vari, *on the brief*), K&L Gates LLP, New York, New York, *for Defendant-Appellant* Crane Co.

---

GERARD E. LYNCH, *Circuit Judge*:

After defendant-appellant Crane Co. removed plaintiff-appellee Susan Cuomo's failure-to-warn suit on the basis of the federal officer removal statute, 28 U.S.C. § 1442(a)(1), the U.S. District Court for the Southern District of New York (Shira A. Scheindlin, *J.*) granted Cuomo's motion to remand the case to state court. Reviewing the evidence submitted by both parties, the court concluded that because the evidence did not establish that the Navy either affirmatively prohibited or dictated asbestos warnings on Crane's equipment, Crane did not raise a colorable federal contractor defense. Because we conclude that Crane's proffered evidence sufficed to assert a colorable federal defense at the removal stage, we reverse.

## BACKGROUND

Susan Cuomo, individually and on behalf of the estate of her late husband Joseph Cuomo, brought state tort claims against Crane Co. and approximately twenty-five other defendants in New York state court. Cuomo alleged that

3

Crane, a supplier of shipboard equipment to the United States Navy, caused her husband to be exposed to asbestos during his service from 1974 to 1980 by failing to affix adequate asbestos warnings to the valves it supplied for the Navy's vessels.

On January 11, 2013, Crane removed the suit to federal court under 28 U.S.C. § 1442(a)(1), the federal officer removal statute, asserting that it would pursue a federal contractor defense at trial. In support of its motion, Crane presented testimony and documentary evidence, including the affidavits of retired Rear Admiral David P. Sargent, Jr., who stated that contractors like Crane were not allowed to deviate from the Navy's specifications by affixing health warnings not expressly required by the Navy, and Dr. Samuel A. Forman, a former Naval medical officer who testified that the Navy recognized the health risks of asbestos as early as 1922. Crane also provided samples of the Navy's manufacturer specifications from the past several decades, which imposed a variety of requirements on suppliers of valves and similar shipboard equipment but did not direct suppliers to affix asbestos warnings.

On August 9, 2013, Cuomo moved to remand the suit to state court, arguing that Crane failed to advance a colorable federal defense. In support of

4

her motion, Cuomo produced the affidavit of retired Captain Arnold P. Moore, who insisted that the Navy "relied heavily" on manufacturers like Crane to identify health hazards associated with their equipment, as well as prior testimony by Dr. Forman in which he failed to identify a single instance of the Navy rebuffing a manufacturer's decision to affix additional asbestos labels.

On November 1, 2013, the district court granted Cuomo's motion to remand. Appraising both parties' exhibits, the court found that Crane had provided no evidence that the Navy's specifications either actively prohibited or "dictated" the content of any proposed asbestos warnings on Crane's equipment. Accordingly, she concluded that Crane failed to identify any "significant conflict" between the Navy's safety regulations and New York's tort liability standards so as to give rise to a colorable federal contractor defense. See Cuomo v. Air & Liquid Sys. Corp., No. 13 CIV. 273, 2013 WL 5913379, at *3 (S.D.N.Y. Nov. 1, 2013).

## DISCUSSION

We review de novo a district court's decision on a motion to remand. Bounds v. Pine Belt Mental Health Care Res., 593 F.3d 209, 214 (2d Cir. 2010).

5

The federal officer removal statute provides that any action brought against an "officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office," may be removed to federal court by the defendant.  28 U.S.C. § 1442(a)(1); see also Isaacson v. Dow Chem. Co., 517 F.3d 129, 135 (2d Cir. 2008).  To invoke the statute, a defendant who is not himself a federal officer must demonstrate that (1) the defendant is a "person" under the statute, (2) the defendant acted "under color of federal office," and (3) the defendant has a "colorable federal defense."  Isaacson, 517 F.3d at 135 (internal quotation marks and alterations omitted).

The Supreme Court has cautioned that the scope of the federal officer removal statute "is not narrow or limited."  Willingham v. Morgan, 395 U.S. 402, 406 (1969) (internal quotation marks omitted).  Because a core purpose of the statute is to let the "validity of the [federal] defense" be "tried in federal court," Isaacson, 517 F.3d at 139, a defendant seeking removal need not "virtually . . . win his case," Jefferson County, Ala. v. Acker, 527 U.S. 423, 431 (1999) (internal quotation marks omitted), nor must his defense even be "clearly sustainable" on the facts, Isaacson, 517 F.3d at 139 (internal quotation marks omitted).  Precisely

6

in those cases where a plaintiff challenges the factual sufficiency of the defendant's defense, the defendant should "have the opportunity to present [his] version of the facts to a federal, not a state, court." Willingham, 395 U.S. at 409; see also Osborn v. Haley, 549 U.S. 225, 251 (2007). The inquiry on the motion to remand is purely jurisdictional, and neither the parties nor the district courts should be required to engage in fact-intensive motion practice, pre-discovery, to determine the threshold jurisdictional issue. A merely "colorable" defense is sufficient to "assure the federal court that it has jurisdiction to adjudicate the case." Kircher v. Putnam Funds Trust, 547 U.S. 633, 644 n.12 (2006).

Crane asserts that it is insulated against Cuomo's state tort claims on the basis of the federal contractor defense. The federal contractor defense immunizes defendants who supply equipment for the federal government from state tort liability so long as "(1) the United States approved reasonably precise specifications for the allegedly [defective] equipment; (2) the equipment conformed to those specifications; and (3) the contractor who supplied the equipment warned the United States about the dangers in the use of the equipment that were known to the [contractor] but not to the United States." In re "Agent Orange" Prod. Liab. Litig., 517 F.3d 76, 88 (2d Cir. 2008) (internal

quotation marks and alterations omitted); see also Boyle v. United Techs. Corp.,

487 U.S. 500, 512 (1988).[1]

In support of removal, Crane presented several affidavits and numerous

documentary exhibits suggesting that (1) the Navy provided detailed

specifications for the valves that Crane supplied for its vessels, (2) Crane's valves

must have conformed to those specifications if they were accepted by the Navy,

and (3) the Navy was well aware of the health risks associated with asbestos by

the 1970s.  This evidence provides a colorable factual basis for each prong of the

federal contractor defense.  Indeed, several district courts and at least one other

Circuit court have found a near-identical showing adequate to merit federal

removal under § 1442(a)(1).  See Leite v. Crane Co., 749 F.3d 1117, 1120 (9th Cir.

2014); see also, e.g., Crews v. Air & Liquid Sys. Corp., No. 7:12-CV-1678, 2014 WL

636362, at *6 (N.D.N.Y. Feb. 18, 2014); Gates v. A.O. Smith Water Prods. Co., No.

3:13-CV-1435, 2014 WL 104965, at *5 (N.D.N.Y. Jan. 9, 2014).  To the extent that

Cuomo's competing testimony challenges the accuracy or reliability of Crane's

evidence, it does not undercut Crane's right to removal, but rather raises the very

---

[1] We have recognized that this standard applies to failure-to-warn claims
as well as to defective-design claims.  In re Joint E. & S. Dist. N.Y. Asbestos Litig.,
897 F.2d 626, 629 (2d Cir. 1990).

8

type of factual dispute about the validity of the defense that should be submitted to the judgment of a federal court.  See Osborn, 549 U.S. at 251.

The district court concluded, and Cuomo now argues, that Crane cannot make even a "colorable" bid for the federal contractor defense because it provided no evidence that the Navy prohibited or actively prescribed the content of any proposed asbestos labels.   That argument exaggerates both the requirements of the federal contractor defense and the threshold for federal removal under § 1442(a)(1).   In the context of failure-to-warn claims, as in the defective-design context, the federal contractor defense demands proof that the government approved "reasonably precise specifications for the allegedly [defective] *equipment*," Agent Orange, 517 F.3d at 88 (emphasis added and alterations omitted); it does not require that the government issue reasonably precise specifications for each particular label.  While Cuomo correctly notes that In re Joint Eastern & Southern District New York Asbestos Litigation demanded some evidence that the disputed product warnings "resulted from a determination of a government official, and thus that the Government itself 'dictated' the[ir] content," 897 F.2d 626, 630 (2d Cir. 1990) (citation omitted), "dictating" the content of a warning does not necessarily require the government

9

to prescribe its literal terms. Rather, as we went on to clarify, a defendant need only establish that "the Government . . . dictated *or otherwise controlled* the nature and the content of the product warnings," id. at 632 (emphasis added); see also id. at 630 n.4, a standard satisfied by evidence showing that "the Government, making a discretionary . . . decision contrary to the requirements of state law, incorporate[d] this decision into a military contractor's contractual obligations, thereby limiting the contractor's ability to accommodate safety in a different fashion," id. at 632.

In this case, Crane has provided evidence that the Navy issued detailed and comprehensive specifications regarding the production and packaging of its valves – specifications that for all their particularity made no mention of asbestos warnings. Whether or not that evidence will ultimately be sufficient to persuade a federal court that these specifications articulated a discretionary safety policy by the Navy effectively "limiting" Crane's ability to affix additional asbestos warnings, or even to raise a fact issue that will survive a motion for partial summary judgment, Crane has certainly provided sufficient evidence to create at this preliminary stage a "colorable" possibility of satisfying that standard.

We conclude that Crane's evidence tending to prove that the Navy issued precise specifications regarding its shipboard equipment, that the Navy would not have accepted Crane's equipment had it not conformed to those specifications, and that the Navy understood the health risk associated with asbestos easily clears the low threshold for asserting a federal contractor defense for purposes of removal under § 1442(a)(1).[2] Respecting the policy behind the federal officer removal statute, we emphasize that the district court's role on a remand motion is not to resolve whether the defendant has established the federal contractor defense or to resolve factual disputes, but only to ensure the existence of some competent evidence supporting a "colorable" federal defense.

**CONCLUSION**

For the foregoing reasons, the order of the district court is

**REVERSED**.

---

[2] Cuomo additionally argues that Crane failed to satisfy the first two prongs of the federal contractor defense because it produced no copies of its own procurement contracts with the Navy. Because the district court's holding dealt exclusively with the third prong, that issue is not properly before us. See Singleton v. Wulff, 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below."). In any event, as stated above, examples of the Navy's customary specifications and testimony that Crane's valves conformed to those specifications satisfy Crane's burden under § 1442(a)(1) even absent specific evidence of Crane's own contracts.