13-4772-cv
Peters v. Neroni

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of March, two thousand fifteen.**

PRESENT:

RALPH K. WINTER,
DEBRA ANN LIVINGSTON,
DENNY CHIN,

     *Circuit Judges.*

_____

KAREN PETERS, Chief Judge, New York State Supreme Court Appellate Division Third Judicial Department, in her official capacity, MONICA A. DUFFY, Chairperson, Committee for Professional Standards, New York State Supreme Court Appellate Division, Third Judicial Department, in her official capacity,

     *Plaintiffs-Appellees*,

   - v. -               13-4772-cv

TATIANA NERONI,

     *Defendant-Appellant.*

_____

**FOR PLAINTIFFS-APPELLEES:**     Andrew B. Ayers, Denise Ann Hartman, Assistant Solicitors General, of counsel, Barbara D. Underwood, Solicitor General, for Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY.

**FOR DEFENDANT-APPELLANT:**     Tatiana Neroni, pro se, Delhi, NY

Appeal from an order of the United States District Court for the Northern District of New York (Mordue, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Tatiana Neroni, proceeding pro se, appeals the district court's order remanding her state disciplinary proceeding to New York State's Appellate Division based on lack of subject matter jurisdiction, and dismissing her 42 U.S.C. § 1983 claims based on the abstention principle announced in *Younger v. Harris*, 401 U.S. 37 (1971). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review de novo a district court's decision on a motion to remand." *Cuomo v. Crane Co.*, 771 F.3d 113, 115 (2d Cir. 2014). We also review de novo dismissals based on *Younger* abstention. *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 197 (2d Cir. 2002).

We affirm for substantially the reasons stated in the district court's thorough and well-reasoned November 18, 2013 opinion. *See* App'x at 6-10. In light of the Supreme Court's recent holding in *Sprint Communications, Inc. v. Jacobs*, 134 S. Ct. 584 (2013), however, we briefly revisit the issue of *Younger* abstention.

In determining that *Younger* abstention precluded consideration of Appellant's § 1983 claims, the district court applied a three-part test that this Court had previously derived from the

2

Supreme Court's decision in *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423 (1982).  *See Cecos Int'l, Inc. v. Jorling*, 895 F.2d 66, 70 (2d Cir. 1990). After the district court's ruling, however, the Supreme Court rejected this three-part test in favor of a categorical approach.  *See Sprint*, 134 S. Ct. at 591-94.  It clarified that *Younger* abstention is triggered by only three categories of state court proceedings: (1) "state criminal prosecutions"; (2) "civil enforcement proceedings"; and (3) civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts."  *Id.* at 588, 591 (internal quotation marks omitted).  State-initiated disciplinary proceedings against lawyers for violation of state ethics rules constitute "civil enforcement proceedings" implicating *Younger*.  *Id.* at 592 (citing *Middlesex*, 457 U.S. at 433-34).  Accordingly, the district court's conclusion that Appellant's claims were barred by *Younger* is still correct after *Sprint*.

We have considered all of Appellant's arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3