15-951
Nelson v. Local 1181-1061, Amalgamated Transit Union, AFL-CIO et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of June, two thousand sixteen.

PRESENT:
  AMALYA L. KEARSE,
  RALPH K. WINTER,
  DENNIS JACOBS,
          *Circuit Judges.*

_____

Gerald Nelson,

          *Plaintiff-Appellant*,

          v.                                                        15-951

Local 1181-1061, Amalgamated Transit Union, AFL-CIO, Jessica D. Ochs, MV Transportation, Inc., Michalaire Phantor,

          *Defendants-Appellees*.

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Gerald Nelson, pro se, Brooklyn, NY. |
| **FOR LOCAL 1181-1061, AMALGAMATED TRANSIT UNION, AFL-CIO AND JESSICA D. OCHS:** | Richard A. Brook (with Richard N. Gilberg <u>on the brief</u>), Meyer, Suozzi, English & Klein, P.C., New York, NY. |

**FOR MV TRANSPORTATION, INC.**        Jeffrey D. Pollack, Mintz & Gold LLP,
**AND MICHALAIRE PHANTOR:**            New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*; Go, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Gerald Nelson, pro se, appeals from a judgment in favor of Appellees, principally his employer and his union, in his suit originally filed in state court and raising state law claims for misrepresentation, fraud, breach of contract, breach of fiduciary duty, malpractice, unjust enrichment, and conversion. Appellees removed the case to federal court, arguing that Nelson's claims were completely preempted by section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and the district court denied Nelson's motion to remand, construing the allegations to raise a "hybrid" claim for breach of the collective bargaining agreement and for breach of the union's duty of fair representation, and dismissed his complaint, concluding that he failed to state a claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's decisions on a motion to remand and a motion for dismissal of a complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). *ACLU v. Clapper*, 785 F.3d 787, 800 (2d Cir. 2015) (Rule 12(b)(6)); *Cuomo v. Crane Co.*, 771 F.3d 113, 115 (2d Cir. 2014) (remand). To survive a motion to dismiss, a plaintiff must allege sufficient facts to state a claim of relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). We review the denial of a reconsideration motion for abuse of discretion. *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012).

Preliminarily, Nelson does not adequately challenge the ruling that Appellees Ochs and Phanor could not be held personally liable. Nor has Nelson presented any argument as to why the Union Appellees' failure to sign the notice of removal rendered their consent to removal invalid. Accordingly, these issues are waived on appeal. *See Norton v. Sam's Club*, 145 F.3d 114, 118 (2d Cir. 1998) (stating that "the appellee's casual reference to" a claim was insufficient to preserve it on appeal); *LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) (concluding that pro se appellant abandoned issue by failing to raise it in his appellate brief).

Section 301 confers "an especially broad jurisdiction" on the federal courts in actions involving collective bargaining agreements. *Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001). "Section 301 governs claims founded directly on rights created by collective-bargaining agreements, and also claims substantially dependent on analysis of a collective-bargaining agreement." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987) (internal quotation marks omitted); *Allis-Chambers Corp.*, 471 U.S. at 213 ("[S]tate-law rights and obligations that do not exist independently of private agreements, and that as a result can be waived or altered by agreement of private parties, are pre-empted by those agreements."); *see also Hernandez v. Conriv Realty Assocs.*, 116 F.3d 35, 38 (2d Cir. 1997). Nelson's state law claims were held to be preempted by section 301. Although Nelson makes much of the fact that his claims did not require analysis of any of the terms of the collective bargaining agreement ("CBA"), his claims were "founded directly on rights created by [the CBA]"; without the CBA, neither his employer nor union would have had any obligation to participate in or be bound by the arbitration proceedings. Accordingly, the district court properly denied Nelson's motions to remand. *See Franchise Tax Bd. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 23 (1983)

3

("[T]he preemptive force of § 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization. Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301." (internal quotation marks and footnote omitted)).

The district court properly construed Nelson's petition to raise the strongest claim it suggested—a hybrid § 301/fair representation claim—and concluded that it was legally insufficient. "To establish a hybrid § 301/[fair representation] claim, a plaintiff must prove both (1) that the employer breached a collective bargaining agreement and (2) that the union breached its duty of fair representation vis-a-vis the union members." *White v. White Rose Food*, 237 F.3d 174, 178 (2d Cir. 2001).

Nelson was therefore required to show that, in reaching the agreement, his employer breached the CBA and his union breached its duty of fair representation. As the district court ruled, there was no breach. The arbitrator's supplemental award specifically contemplated that additional income, such as unemployment benefits, would be set off against the back pay award. And even if Nelson were correct that the supplemental award was somehow invalid, he has presented no persuasive argument that Appellees were required to adopt his preferred interpretation of "made whole"--the relevant language from the initial arbitral award--much less that the union "act[ed] in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation" in failing to do so. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164 (1983).

We have considered Nelson's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk