19-746-cv
*Katherine Wade v. Mark Vane Burns*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of February, two thousand twenty.

PRESENT:    DENNIS JACOBS,
            GUIDO CALABRESI,
            DENNY CHIN,
                    *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


KATHERINE WADE, Insurance Commissioner,
State of Connecticut,
                    *Plaintiff-Appellee,*

                -v-                                    19-746-cv

MARK VANE BURNS, An Individual,
                    *Defendant-Appellant.*


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


FOR PLAINTIFF-APPELLEE:        JAMES W. CALEY, Assistant Attorney
                               General, *for* William Tong, Attorney General of
                               Connecticut, Hartford, Connecticut.

FOR DEFENDANT-APPELLANT:     ANTHONY D. GREEN, Winget, Spadafora & Schwartzberg, LLP, New York, New York.

Appeal from the United States District Court for the District of Connecticut (Haight, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendant-appellant Mark Vane Burns appeals from an order of the district court entered on February 25, 2019, remanding this action to the Connecticut Department of Insurance. On appeal, Burns argues that the district court erred in remanding this action to the state agency after concluding that this matter was improperly removed to federal court. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On August 9, 2018, plaintiff-appellee Katherine Wade, the Connecticut Insurance Commissioner (the "Commissioner"), filed a state administrative complaint against Burns. The complaint alleged that Burns engaged in false and deceptive conduct while selling Medicare Advantage policies. This conduct allegedly included: forging a 70-year old customer's signature and engaging in belligerent and loud conduct with a 79-year old customer. Burns received the complaint on August 13, 2018.

On September 28, 2018, Burns filed a notice of removal to the district court, claiming that removal was permitted under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). On October 2, 2018, the district court issued a memorandum and

2

order directing the Commissioner to respond to Burns's removal notice, as the statute referred only to removal from "state court" and not from a state agency.

On October 26, 2018, the Commissioner filed a motion to remand, and the district court granted the motion on February 25, 2019.  In doing so, the district court held that: (1) a state agency was not a "state court" within the meaning of the federal officer removal statute, 28 U.S.C. § 1442, (2) there was no basis for federal jurisdiction and, (3) even if there was federal jurisdiction, Burns's removal petition was untimely because it was filed past the 30-day deadline set forth in 28 U.S.C. § 1446(b)(1).  Accordingly, the district court granted the Commissioner's motion for remand.  This appeal followed.

## DISCUSSION

### A.    *Applicable Law*

We review *de novo* a district court's decision on a motion to remand. *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 214 (2d Cir. 2010).  The removing defendant bears the burden of demonstrating that removal of the action is proper.  *United Food & Comm. Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994).

Under 28 U.S.C. § 1446(a), a defendant seeking to remove an action to federal court must file a notice of removal "containing a short and plain statement of the grounds for removal."  Such notice of removal "shall be filed within 30 days after the

3

receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). This thirty-day clock only begins to run "when the initial pleading enables the defendant to intelligently ascertain removability from the face of such pleading, so that . . . the defendant can make a short and plain statement of the grounds for removal as required by 28 U.S.C. § 1446(a)." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205-06 (2d Cir. 2001) (internal quotation marks and alterations omitted).

**B.**     *Application*

The district court held that, even assuming grounds existed for removal, remand was required because Burns filed his notice of removal after the 30-day deadline set forth in 28 U.S.C. § 1446(b)(1). We agree. The Commissioner filed a complaint against Burns on August 9, 2018. Burns received the complaint on August 13, 2018. He did not file a notice of removal until September 28, 2018. Hence, 46 days elapsed after Burns received the complaint before he filed his notice of removal. Therefore, Burns did not meet the requirements of § 1446(b)(1).

In an effort to overcome the untimeliness of his removal petition, Burns suggests that removability was not apparent from the face of the administrative complaint. But Burns argued otherwise in his notice of removal. *See* J. App'x at 32-33 ("The Commissioner's claims necessarily raise a federal issue, to wit, preemption under federal law. . . . [O]ne overriding federal issue . . . predominates on the face of each

4

Count of the Complaint").  Accordingly, because Burns was able to ascertain his asserted basis for removal from the face of the complaint, he was required to file his notice of removal within the 30-day period.

Finally, Burns argues that the district court erred by not requiring the Commissioner to "present factual evidence" showing that his notice of removal was untimely.  Appellant's Br. at 26.  The burden of establishing that removal is proper rested on Burns, however, not the Commissioner.  *See United Food*, 30 F.3d at 301 ("Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper.").  Because we conclude that Burns's notice of removal was untimely, we need not reach Burns's other arguments on appeal.  *See Nat'l R.R. Passenger Corp. v. McDonald*, 779 F.3d 97, 100 (2d Cir. 2015) ("We may affirm on any ground with support in the record.").

\*   \*   \*

For the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5