*Weir v. City of New York*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of April, two thousand twenty-three.

PRESENT:

> BARRINGTON D. PARKER,
> RICHARD J. SULLIVAN,
> *Circuit Judges*,
> JOHN L. SINATRA, JR.,
> *District Judge*.[*]

_____

NICHOLAS D. WEIR,

> *Plaintiff-Appellant*,

v.                                                                     No. 22-426

CITY OF NEW YORK,

> *Defendant-Appellee*.[†]

_____

_____

[*] Judge John L. Sinatra, Jr., of the United States District Court for the Western District of New York, sitting by designation.

[†] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

**For Plaintiff-Appellant:**        Nicholas D. Weir, pro se, Uniondale, NY.

**For Defendant-Appellee:**        Claude S. Platton, Amanda Abata, *for* Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Diane Gujarati, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Nicholas Weir, proceeding pro se, appeals the district court's dismissal of his lawsuit against the City of New York (the "City") alleging that the City retaliated against him for his efforts to expose discrimination while he was a student at the City University of New York.  In his appellate briefs – which we "construe[] liberally and interpret[] to raise the strongest arguments that they suggest," *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (internal quotation marks omitted) – Weir presents three main challenges to the district court's dismissal, each of which we reject.  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

*First*, Weir contends that the district court erred when it denied his motion to remand his state-law claims back to state court, where Weir had originally filed the action before the City removed it pursuant to 28 U.S.C. §§ 1441(a), (c) and 1446. We review such denials de novo. *See Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 214 (2d Cir. 2010). As the district court recognized, Weir's original complaint included at least a claim for municipal liability pursuant to 42 U.S.C. § 1983, and thus a "federal question [wa]s presented on the face of [his] properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also In Touch Concepts, Inc. v. Cellco P'ship*, 788 F.3d 98, 101–02 (2d Cir. 2015) ("[P]ost-removal amendment does not defeat federal jurisdiction premised on a federal question or on diversity."). As a result, the action – including the state-law claims over which the district court could exercise supplemental jurisdiction under 28 U.S.C. § 1367 – was appropriately removed from state court, and Weir's motion to remand was appropriately denied.

*Second*, Weir asserts that the district court erred when it granted the City's motion to dismiss Weir's first amended complaint, determining (1) that many, if not all, of Weir's claims were barred by the doctrine of claim preclusion; (2) that he failed to state any claim under Federal Rule of Civil Procedure 12(b)(6); and

(3) that his complaint was factually frivolous. Courts may dismiss claims as factually frivolous "if the sufficiently well-pleaded facts are 'clearly baseless' – that is, if they are 'fanciful,' 'fantastic[,]' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)). Because we agree with the district court that Weir's first amended complaint – which alleged that the City used unnamed government agents to, for example, compromise Weir's cell and internet service, funnel toxic gas into his room and car, poison his food after grocery shopping, and bribe his employer to fire him – was factually frivolous, dismissal was proper and we need not reach the other grounds for the district court's decision. *See id.* at 368–69.[1]

*Third*, and finally, Weir seems to suggest that the district court erred when it denied him leave to file his proposed second amended complaint and dismissed the case with prejudice. While district courts "should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," granting

---

[1] We have not definitively resolved whether a district court's sua sponte dismissal of a complaint for factual frivolity should be reviewed de novo or for abuse of discretion. *See Williams v. Bronx Cnty. Child Support Customer Serv. Unit*, 741 F. App'x 854, 855 (2d Cir. 2018). Nevertheless, we affirm, as the district court's decision easily passes muster even under the more demanding standard of de-novo review.

4

leave to amend is not necessary when it would be futile, i.e., when any amendments would fail to cure prior deficiencies. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks omitted); *see also Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012). We review the district court's futility determination de novo, *see Empire Merchs., LLC v. Reliable Churchill LLLP*, 902 F.3d 132, 139 (2d Cir. 2018), but like the district court, we find that the allegations in Weir's proposed second amended complaint are materially indistinguishable from those in the first amended complaint and thus also factually frivolous. As a result, we conclude that the district court properly denied Weir leave to amend based on futility.

We have considered Weir's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.[2]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Because this is at least the fourth action arising out of the same alleged facts, and at least the third appeal taken by Weir following a district court's dismissal of those actions, we now warn Weir that if he continues to file frivolous appeals, we may be forced to consider sanctions, including an injunction directing the Clerk of this Court to refuse to accept for filing any submissions from Weir unless he has first obtained leave of the Court. *See Sassower v. Sansverie*, 885 F.2d 9, 11 (2d Cir. 1989).

5