Matter of NYC Health + Hosps. v Organization of Staff Analysts (2019 NY Slip Op 02812)





Matter of NYC Health + Hosps. v Organization of Staff Analysts


2019 NY Slip Op 02812


Decided on April 11, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2019

Friedman, J.P., Sweeny, Webber, Gesmer, Singh, JJ.


8961 152144/17

[*1]In re NYC Health + Hospitals, Petitioner-Appellant,
v
Organization of Staff Analysts, et al., Respondents-Respondents. 
New York City Municipal Labor Committee, Amicus Curiae.


Proskauer Rose LLP, New York, (Rosanne Facchini and Nicole A. Eichberger, of the bar of the State of Louisiana, admitted pro hac vice, of counsel) for appellant.
Law Offices of Leonard A. Shrier, New York (Leonard A. Shrier of counsel), for Organization of Staff Analysts, respondent.
Steven Star, New York (Michael T. Fois of counsel), for NYC Office of Collective Bargaining and Susan Panepento, respondents.
Stroock & Stroock & Lavan LLP, New York (Alan M. Klinger of counsel), for amicus curiae.



Judgment (denominated decision/order), Supreme Court, New York County (Erika M. Edwards, J.), entered on or about November 20, 2017, denying the petition seeking to annul a determination of the New York City Board of Certification (the Board), dated February 1, 2017, which granted an application by respondent Organization of Staff Analysts to add petitioner's Senior Auditor title to the Organization's collective bargaining unit, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The court properly deferred to the Board's rational interpretation of the applicable statutes, including the Board's finding that the exemption to public employees' eligibility for collective bargaining under the Taylor Law is controlling. Since the Taylor Law is incorporated into the New York City Health and Hospitals Corporation Act and the exemptions are substantially consistent, the override provision of Unconsolidated Laws § 7405(5) "does not apply" (Viruet v City of New York , 97 NY2d 171, 177 [2001]).
The "exclusions for managerial and confidential employees are an exception to the Taylor Law's strong policy of extending coverage to all public employees and are to be read narrowly, with all uncertainties resolved in favor of coverage" (Matter of Lippman v Public Empl. Relations Bd. , 263 AD2d 891, 904 [3d Dept 1999]; see Administrative Code of City of NY § 12-305). In this case, the Board had a rational basis for finding that Senior Auditors are not "managerial" employees within the meaning of the Taylor Law (Civil Service Law § 201[7][a]). The evidence showed that after an audit is assigned to a team of auditors, a Senior Auditor on the team creates a program specifying how the audit is to be conducted, drafts findings and may propose changes to be made in light of the audit's findings. Notwithstanding the important nature of these responsibilities, the Board reasonably found that submitting such nonbinding [*2]recommendations does not constitute "formulat[ing] policy" (id. ). The Board also rationally found that Senior Auditors are not "confidential" employees as defined in the Taylor Law (id. ; Matter of Lippman , 263 AD2d at 902).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 11, 2019
CLERK